Concepcion Perez v. Juan Perez.

(Case No. 4871.)

1. Construction of statutes.—In construing an act of the legislature, whenever it is found that the act makes a general provision, apparently for all cases, and at the same time contains a special provision for a particular class of cases, the special provision must govern as to the particular class.

2. Wills.— The general provision of the act of 1848 (Pasch. Dig., 1261) required ten days' notice of an application for the probate of a will to be given by posting notices at the court-house and four other public places, etc. The same act provided (Pasch. Dig., 1264) that no nuncupative will should be proved until those who would have been entitled by inheritance, had there been no will, had been *cited* to contest the same if they so desired. *Held*,

    (1) In probating a nuncupative will the general direction for giving of notice must yield to the specific requirement for citation.

(2) One is cited when he has served upon him, in accordance with law, the technical writ known as a citation, and he cannot be *cited*, in contemplation of the statute, by the posting of notices to appear and contest the probate of a nuncupative will.

(3) The object and policy of the law in requiring greater particularity in the probate of nuncupative wills discussed.

ERROR from Bexar. Tried below before the Hon. G. H. Noonan.

Suit was begun in the county court of Bexar county, Texas, sitting in probate, upon the petition of Juan Perez, defendant in error, against Antonio Perez, Maria de Jesusa Perez de la Zerda, Concepcion Perez, minor, whose guardian was Jose Maria Perez, Francisca Perez, wife of Julio Garza, and Guadalupe Aguilar, minor, whose guardian was Nemecio de la Zerda, as heirs at law of one Antonia Perez, who died on the 8th day of August, 1868, for the probate of a nuncupative will alleged to have been made by Antonia Perez just prior to her death. The petition alleged, in substance, that Antonia Perez, a *feme sole*, died on the 8th of August, 1868, who, during her last illness and just prior to her death, made a nuncupative will constituting said Juan Perez her sole heir, and devising and giving to said Juan all her estate, real, personal and mixed; said estate consisting of real estate in the city of San Antonio, Texas, and some real estate and personalty in the county of Wilson, Texas; and that, at the time of the declaration of said will, the said Antonia Perez was of sound mind. Petition filed December 5, 1868.

Nemecio de la Zerda, as guardian for Guadalupe Aguilar and Maria Jesusa de la Zerda, answered, claiming their relationship to the deceased Antonia, their interests as heirs at law, and denying that the deceased made the will alleged in the petition.

The cause was submitted to the district judge upon the statement of facts sent up from the county court, and the further agreement that Antonia Perez, deceased, was of sound mind when she spoke the words detailed by the witnesses who testified in the cause.

The court, after hearing the evidence, adjudged that the same was sufficient to establish the declaration of Antonia as her last will and testament; establishing the nuncupative will, decreeing that Juan Perez, defendant in error, was the sole legatee and heir of Antonia, and vesting in him title to all the estate, real, personal and mixed, of said Antonia, deceased, subject only to debts.

Concepcion Perez, one of the parties defendant, brought the cause by a writ of error to this court, alleging that she was an infant of the age of thirteen years at the time of the final disposition of the

cause in the district court, and that she attained her majority in March, 1880.

It was agreed by counsel for plaintiff and defendant in error that the plaintiff in error arrived at the age of twenty-one years in March, 1880, and that Concepcion Perez was never served with the process of the court, otherwise than by the notice posted on the court-house door.

*Tarleton & Boone*, for plaintiff in error.

No briefs for defendant in error on file.

WILLIE, CHIEF JUSTICE.— The act of 20th March, 1848, provides that no nuncupative will shall be proved until those who would have been entitled by inheritance, had there been no will, have been cited to contest the same if they please. Pasch. Dig., art. 1264. The same provision is found in the "act concerning wills" of January 28, 1840, except that the word "summon" is used in place of the word "cite." Id., 5371. Both of these sections were in force at the time this proceeding was commenced and tried before the county and district courts, and must govern so far as service of process in the cause is concerned.

The general provision of the law of 1848, in reference to the probate of wills, required ten days' notice of the application to be given, by posting at the court-house and at two other public places not in the same town or city. Id., 1261. The general rule is that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special clause, so far as the particular class is concerned.

The words *citation* and *notice* are by no means synonymous. A citation is a writ well known to our law and always has the same signification. It must be directed to some officer, and must be served by him; it must, if issued by a court having a seal, be under the seal of the court. It must contain the names of the parties upon whom service is to be had, unless in the exceptional case of unknown heirs, etc., of a deceased person, who are to be served by publication.

A notice is much less formal. It is not necessarily under seal, although issued by a court of record. It may be served by others than the sheriff or like ministerial officer. It may, as in cases of the probate of written wills, be executed by the clerk, and that by merely posting at public places.

Wherever the word *citation* is used in a statute, the technical writ above described is always meant; and so of the word *cite*, which is usually understood to mean the giving of notice by proper service of citation. To cite a person within the jurisdiction of the court, and whose residence is known, is to deliver to him in person a copy of the writ placed in the hands of the sheriff for that purpose. Service in this manner of such a writ is more authoritative in its character, and gives more certain, definite and official notice, than any other, and parties are usually considered as entitled to it when rights of person or property may be placed in jeopardy by the action of a court.

Parties whose inheritance may be taken away from them by the evidence of witnesses to words spoken in the last sickness of an ancestor are entitled to full knowledge, of the most authoritative and official character, of the time, places and nature of the proceeding by which it is proposed to be done, so that they may contest such application. This has been the rule in reference to nuncupative wills in all countries where they have been permitted. The statute of 29th Charles II, commonly known as the statute of frauds, provided that such wills should not be probated till process had issued to the widow or the next of kindred of the deceased, to the end they may contest the same if they pleased.

Wherever nuncupative wills are allowed by the laws of any country, the same idea has been carried out, viz.: That the parties entitled to the inheritance must have process served on them so that they may contest if they will.

We have seen that our statute of wills of 1840 required it, using the word *summon*, which ordinarily is equivalent to the word *cite*. When the law of 1848 was passed it reiterated the requirement as to such wills. And so in the probate act of 1870 and the Revised Statutes the same requirement is made, the former act defining what is meant by *citing* the interested parties, which accords with the views we have taken.

We cannot believe that the law would be so specific in requiring that the parties otherwise entitled to the inheritance should be cited, when it does not prescribe such service in other cases, unless it had intended a different mode of giving notice in the one case from what it did in the other.

It may be remarked, too, that the notice in case of ordinary wills under the act of 1848 is not directed to be given to any particular persons; but as to nuncupative wills it must be given to the special parties whose inheritance may be cut off if the will is proved.

There is no provision in the statute for giving notice to particular individuals by mere posting. Such notices are directed to no particular persons; but in these cases the special parties who are to be cited are stated, thus showing that the writ should contain their names; and the fact of the proceedings must be brought to their knowledge, and the general notice supposed to be given to the world by posting is not sufficient for them.

We believe that the court erred in proceeding to probate the will without service of citation upon all the parties named in the petition as entitled to the inheritance. Process was doubtless waived by those who appeared, but the rest of the heirs of the deceased were necessary parties to the proceeding, and if they were not before the court, the probate of the will was improperly had.

As this necessitates the reversal of the cause and a remanding of it for a new trial, it may as well be suggested to the parties that the question as to whether or not the appellee has lost his right to probate the will by the lapse of more than six months since the speaking of the testamentary words may arise upon another trial. This question has not been discussed upon this appeal; no opinion is expressed upon it, and we leave the point for decision when it properly arises and is fully discussed.

REVERSED AND REMANDED.

[Opinion delivered April 27, 1883.]