## THREATT v. JOHNSON et al.

(Court of Civil Appeals of Texas. Texarkana. April 1, 1913. On Motion for Rehearing, April 10, 1913.)

1. GUARDIAN AND WARD (§ 13*)—APPOINTMENT—JURISDICTION OF COURT.

Under Rev. Civ. St. 1911, §§ 4091–4096, providing that on appointment of temporary guardians the judge shall state in the order that it will be made permanent at the next regular term after service of citation, the power to appoint a temporary guardian is conferred on the judge, while the power to pass on a contest and make a permanent appointment is vested in the court; and an order of the court appointing a permanent guardian must be made in term time and entered in the minutes, as required by articles 4050, 4083, and under articles 3219, 4050, the appointment is a nullity, unless so entered.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 40–52; Dec. Dig. § 13.*]

2. GUARDIAN AND WARD (§ 13*)—APPOINTMENT—JURISDICTION—CITATION.

The power of the court to appoint a permanent guardian is statutory, and the citation prescribed by statute is jurisdictional, and an appearance in court does not dispense with the necessity of the citation.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 40–52; Dec. Dig. § 13.*]

### On Motion for Rehearing.

3. COSTS (§ 236*)—APPOINTMENT OF GUARDIAN—LIABILITY—APPEAL.

Where a person was required to appeal to the district court to obtain relief from an erroneous judgment of the county court appointing another guardian, the costs of the district court should be taxed against the latter.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 900–905, 907; Dec. Dig. § 236.*]

Appeal from District Court, Hopkins County; R. L. Porter, Judge.

Application of Mamie S. Johnson and another for their appointment as guardian of minor children, presented after the appointment of J. F. Threatt as guardian. From a judgment of the district court appointing Mamie S. Johnson and another guardian of one of the children and J. F. Threatt guardian of the other children, the latter appeals. Reversed and remanded.

In vacation of the court J. F. Threatt made application in writing to the county judge of Hopkins county to be appointed temporary guardian of the person and estate of the three minor Calvert children, the oldest a boy 17 years of age, the next a boy 13 years of age, and the other a girl 4 years of age. On July 31, 1911, the same day of the application, the judge made and entered in the probate minute book of the court an order appointing him temporary guardian of the persons and estates of the minors, and further providing that citation issue as required by law, and that the appointment be made permanent at the next regular term of the court, unless the same be contested. On August 2, 1911, Threatt, in compliance with the terms of the order, executed his bond and took the oath and returned an

inventory and appraisement of the estate, all of which was approved by the judge and filed. The October term was the first regular term after the date of the order, and no person appeared and contested the appointment of Threatt as permanent guardian of the persons and estate of the minors, and there was no order made or entered in the probate minutes at the October term making the temporary appointment of Threatt permanent. After the adjournment of the October term, and on December 21, 1911, the appellees filed in the county court a petition containing three counts. The first was in the nature of a formal application to have them appointed guardian of the persons and estate of the minors. The second ground set up that in the temporary appointment of appellant no sufficient notices or citation had been issued or served as required by law, and no judgment was entered up making the temporary appointment permanent, and appellees asked that they be now permitted to contest the making of the same permanent, and to be themselves appointed permanent guardian. The third ground was in the nature of an application to have the appellant removed from his trust upon certain grounds alleged. The two oldest children, at the time of appellees' application being over 14 years of age, filed written waivers of personal notice, and also selected appellees as guardian of their persons and estate. A trial was had in the county court at the February term next following the filing of the petition, and resulted in the appellees being appointed guardian of the two children over 14 years old upon their selection made in writing, and in the appellant being made guardian of the youngest child by an order entered in the probate minutes at that term. The appellees appealed to the district court from the order making appellant permanent guardian of the youngest child. In the district court the trial was to a jury, and judgment was entered on the verdict of the jury appointing appellees guardian of the person and estate of the youngest minor child. The appellees are husband and wife, and the wife is the sister of the minor child. Mrs. Threatt, wife of the appellant, is the aunt of the minor child.

H. C. Connor, of Dallas, and C. O. James, of Sulphur Springs, for appellant. D. Thornton, of Sulphur Springs, for appellees.

LEVY, J. (after stating the facts as above). Appellant contends, in his first and second assignments of error, that the terms of the statute in which this proceeding was had do not authorize a contest to the appointment of the permanent guardian to be filed and made at the second term of the court after notices are served, and the contest proceedings are therefore void. The contest by appellee was made and filed at the second, and not the first, term of the probate court after the date of the order of the judge, in vacation, appointing appellant temporary guardian of the person and estate of the minor that is concerned in this appeal. It is believed that appellees are not barred of the legal right to file and make a contest of the permanent appointment of appellant as guardian, upon two grounds: (1) In view of the admitted fact in the record that at the time the contest was filed and presented the court had not made nor entered in the probate minutes during a regular term of court any order appointing or continuing the temporary guardian the permanent guardian of the minor; and (2) the law with respect to notice to be given before the temporary guardian could be made permanent guardian had not been complied with at the time the contest was filed and made.

[1] The statute especially empowers the county judge to make appointment in vacation of a guardian of the person and estate of a minor, and authorizes the court at the next regular term, after proper service of citation, to make such appointment permanent. Chapter 6, tit. 64, R. S. 1911. But, in order for such proceeding to be made the basis for a permanent appointment, it is further expressly provided (1) that the judge shall state in his order appointing the temporary guardian that his appointment will be made permanent at the next regular term of court after service of citation, and (2) the clerk shall cause to be posted citation in terms of law that the person so appointed temporary guardian will be made the permanent guardian at the regular term of court stated in the citation, unless such appointment is contested at that term of the court. Articles 4092, 4095, R. S. It is to be observed that only the power to make the temporary appointment is placed in the judge, and the power to hear and pass on the contest and make the permanent appointment under the proceedings is in the court at the regular term of the court after due notice; and the distinction must be made between the authority of a judge to act in vacation under special power and the authority of a court to act in the premises in the regular term of court after proper notices are issued. The appointment of the permanent guardian in the proceeding being the exercise of a power placed in the court at a regular term after notice, and not a power to be exercised by the judge in vacation, the general provisions of the statute in respect to the exercise of such power over the subject-matter by the court must govern and control; for it is expressly so provided by article 4096, R. S. Thus it would follow by terms of law that the order of the court appointing a permanent guardian must be made in term time and entered in the minutes of the court. Articles 4050, 4083, R. S. And by express terms of law such appointment is ineffectual and a nullity, unless entered of record. Ar-

ticles 3219, 4051, R. S. But appellant insists that the order of the judge appointing the temporary guardian would legally operate as a final recorded order, in the absence of a contest, because it recites that "the same shall be made permanent" if there is no contest thereto. The words denote that some further order shall be made by the court at the regular term, making the guardianship permanent, and could not reasonably be construed as intending to enlarge or restrict the operation of the further provisions of the statute requiring the court to make and enter of record an order appointing the permanent guardian, in the face of the express provision that such further requirements of the statute shall govern the exercise of the court's power in respect to the permanent appointment. And until the order of the court appointing the permanent guardian is made and entered of record, as required by law, there has not been any appointment of a permanent guardian, and the legal right to appear and contest such permanent appointment existed to appellees until a permanent order had been made.

[2] A further ground for holding appellees were not barred of the right to contest is that it affirmatively appears in the record that no citation, as required by law, had been issued and served for the first term of the court that the temporary appointment would be made permanent. This point also presents such a fundamental error of record, involving the jurisdiction of the district court on appeal and the county court in the first instance to hear the contest and appoint a permanent guardian at the second term at which such was undertaken to be done, as will require this court to reverse the judgment. It is expressly provided by the statute that citation shall issue in the form prescribed, and be posted for the time stated, before the court can make the temporary appointment permanent at a regular term of the court. Article 4092, R. S. The power of the court to appoint the permanent guardian on the proceedings is a special power conferred by the statute, and the statute as to the issuance and service of citation must be substantially followed in order to make valid the exercise of the power; for compliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional. And any attempt to exercise the power of appointment, without such express requirement being complied with, becomes a nullity. The citation here undertaken to be issued so far failed of even a substantial compliance with the requirements as to have the legal effect of being a nullity in this proceeding. Appellees' appearance in court would not dispense with the necessity of the citation required and operate to confer jurisdiction on the court; for the citation in this character of proceed-

ing is not a matter personal to appellees, and appellees had no right to file a contest until the citation was issued. In view of the record the proceeding stands as no permanent guardian having been legally appointed by the court, and the appellant being the legally appointed and qualified temporary administrator, with a contest filed to his being appointed permanent administrator. The judgment of the county court being therefore void for want of jurisdiction in that court to enter judgment before citation was issued and served, the district court acquired no jurisdiction in the appeal from such judgment, and the judgment of the district court must be here reversed and the proceedings remanded, with instructions to the district court to enter an order setting aside its judgment and dismissing the appeal. The costs of appeal and the district court are taxed against the contestants, the appellees. The order of the county court appointing permanent guardian for the two children over 14 years of age on their own choice is not affected by this ruling, and the order, not being appealed from, will remain undisturbed.

Reversed and remanded, with instructions.

### On Motion for Rehearing.

[3] We have concluded that, as the appellees were required to appeal to the district court to get relief from the erroneous judgment of the county court, the costs of the district court should not be taxed against the appellees. Therefore the judgment of this court should be modified to the extent that the costs of the district court be taxed against the appellant, and the costs of appeal to this court against the appellees; and it is accordingly so ordered.