HORTON et al. v. HORTON et al.
(No. 2952.)

(Court of Civil Appeals of Texas. Texarkana.
June 17, 1924. Rehearing Denied
June 26, 1924.)

1. **Insane persons** ⊂⊃33(1)—**Statute relating to proceeding in name of county applies only when no one seeks appointment as guardian.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 4238–4255, relating to proceedings in the name of the county, applies only when no one has applied for appointment as guardian of person alleged to be of unsound mind, and county judge is called upon to act on information given him that there is in his county such a person without guardian.

2. **Insane persons** ⊂⊃33(2) — **Persons commencing proceeding for guardianship appointment in name of county entitled to appeal, and to trial de novo in district court.**

Although proceeding in a county court by children of alleged incompetent, for appointment of one of the children as guardian, was commenced, under Vernon's Statutes, tit. 64, c. 16, in name of county as plaintiff and in name of alleged incompetent as defendant, yet under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4062, 4290, 4291, 4299, the children considering themselves aggrieved by a refusal of application, could appeal to district court, and were entitled to a trial de novo in that court, although county did not appeal.

Appeal from District Court, Panola County; Chas. L. Brachfield, Judge.

Proceedings by Panola County against Ann Horton, for appointment of a guardian. From a judgment of the district court dismissing the cause, Manuel Horton and others appeal. Judgment reversed, and cause remanded to district court for trial de novo.

This was a proceeding for the appointment of appellant Manuel Horton to be guardian of the person and estate of appellee Ann Horton. It was commenced in the county court of Panola county by said Manuel Horton and the other appellants, children of said Ann Horton, who alleged that she owned 165 acres of land in said county and

resided there, but was "temporarily absent in Oklahoma," and that she was of unsound mind and had no guardian of her person or estate. The case was docketed in the name of the county as plaintiff and in the name of Ann Horton as defendant, as provided in article 4242, c. 16, tit. 64, Vernon's Sayles' Statutes. The county attorney, on behalf of the county, it seems, appeared in the county court and moved that the case be dismissed on the ground, among others, that Ann Horton did not reside in Panola county, but resided in the state of Oklahoma. There is nothing in the record showing that the motion was presented to and acted upon by said court. At the hearing an issue as follows was submitted to the jury: "Is Ann Horton, the defendant, of unsound mind?" The court instructed the jury that the burden of proving the affirmative of the issue was on Panola county. The finding of the jury was that Ann Horton was not of unsound mind. Thereupon, to wit, on July 11, 1923, the court adjudged that Ann Horton was of sound mind, and that she "go hence without day and be discharged." Appellants filed a motion for a new trial of the case, and, when same was overruled, excepted and gave notice of an appeal to the district court. Panola county did not complain of the judgment, nor undertake to prosecute an appeal therefrom. Ann Horton appeared in the district court by her attorneys, and by motion challenged the jurisdiction of that court to hear and determine the appeal. Testimony heard by the court on the question made by the motion showed that Ann Horton was 95 years of age, and that, while she had once lived in Panola county, she had removed therefrom about two years before this proceeding was commenced, and at the time it was commenced resided in the state of Oklahoma. And said testimony further showed, practically without dispute, that Ann Horton was of sound mind. After hearing the testimony, the court rendered judgment dismissing the cause because, he concluded, he was without power to hear and determine it. The appeal is from that judgment.

T. P. Young and W. F. Young, both of Marshall, and Long & Strong, of Carthage, for appellants.

Woolworth & Duran and B. W. Baker, all of Carthage, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Appellants seem to have overlooked provisions of the statute applicable to the proceeding they commenced, and to have treated same as controlled, instead, by the provisions of articles 4238 to 4255, forming chapter 16, tit. 64, Vernon's Sayles' Statutes, and both the county and district courts seem to have adopted that view of the proceeding. As we understand the provisions of that chapter, they do not apply where, as here, a

person presents an application to be appointed guardian of a person of unsound mind; but they apply only when the county judge, no one having applied for appointment as guardian, is called upon to act on information given him that there is in his county such a person without a guardian.

[2] An application for appointment as guardian of a person of unsound mind may be made by any one (article 4062, Vernon's Sayles' Statutes); and, when such an application is refused by the county court and the person making it considers himself aggrieved by such refusal, he had a right to appeal to the district court without bond (article 4290, Vernon's Sayles' Statutes). Appellants made such an application and considered themselves aggrieved by the refusal of the county court to grant it. Hence they had a right to prosecute an appeal to the district court. All that was necessary for them to do to perfect such an appeal was to cause "an entry of notice thereof to be made on the record." Article 4291, Vernon's Sayles' Statutes. As they did that (a transcript of the proceedings in the county court having been transmitted to the district court), they were entitled to a trial of the case de novo in the latter court. Article 4299, Vernon's Sayles' Statutes. As they were, that court erred when he denied them such a trial and dismissed the case for want of jurisdiction to try it.

The judgment is reversed, and the cause is remanded to the district court for a trial de novo there.