## GREEN et al. v. WHITE et al.

### No. 958.

Court of Civil Appeals of Texas. Waco.
Oct. 30, 1930.

Callicutt & Upchurch, of Corsicana, for appellants.

S. M. Kerr and Taylor & Howell, all of Corsicana, for appellees.

BARCUS, J.

This is an appeal from the judgment of the district court of Navarro county admitting to

probate the purported last will and testament of Mrs. Mary J. Wilson. We are met at the threshold with the proposition that the judgments of both the county court and the district court are void because no proper citation was issued and served as required by articles 3333, 3334, and 3338. The facts with reference thereto are undisputed. It appears that appellees, as executors named therein, filed an application to probate the will of Mrs. Wilson in the county court of Navarro county on March 26, 1929. The citation issued thereon by the clerk was addressed to the sheriff or any constable of ——— county, and commanded him to have the notices posted in ——— county. Said citation was delivered to the sheriff of Navarro county, who properly posted same in Navarro county. Appellants' sole contention is that said citation was insufficient because it was addressed to the sheriff or any constable of ——— county, with instructions to post notices in ——— county, instead of being addressed to the sheriff or constable of Navarro county, with instructions to post notices in said county. Appellants, being some of the heirs of Mrs. Wilson, filed a contest to the probate of said will, claiming that it was obtained by undue influence and that Mrs. Wilson was at the time she executed same of unsound mind. Appellants, both in the county court and in the district court, by proper plea, challenged the power of the court to probate said will because of the insufficiency above stated in the citation as issued and served.

Appellees contend that the citation is sufficient, and further, that, if same is not sufficient, appellants, by having appeared and filed a contest thereof, waived any defects in said citation. Both the county court and the district court overruled appellants' contention and heard the contest on its merits, and each of said courts admitted the will to probate.

■■ Unquestionably, a citation issued under article 2021, Revised Statutes, and served in a suit pending in the county or district court, addressed as the citation in this case is, to the sheriff or constable of ——— county, would not be sufficient to authorize a judgment by default to be entered against the defendants. Under an unbroken line of authorities it is held that a citation in a civil suit must be directed to the sheriff or constable of the county in which the defendant lives, and that only the officer living within the county to which the citation is directed has the power to serve same. G. H. & S. A. Ry. Co. v. McTiegue, 1 White & W. Civ. Cas. Ct. App. § 457, page 210; G., H. & S. A. Ry. Co. v. Ware, 74 Tex. 48, 11 S. W. 918; Witt v. Kaufman, 25 Tex. Supp. 384; Douthit v. Martin, 15 Tex. Civ. App. 559, 39 S. W. 944; Perez v. Perez, 59 Tex. 322; Levy v. Roper, 113 Tex. 361, 256 S. W. 251. In Witt v. Kaufman, supra, which holding was specifically approved by the Supreme Court in Levy v. Roper, supra, the court stated: "A citation, directed to an officer of Dallas county to execute, was no authority to the sheriff of Parker county to execute the process. Service of the process by him was, in contemplation of law, no service. The court, therefore, had not jurisdiction of the person of the defendant, and the judgment was consequently void."

Article 2286 of the Revised Statutes provides: "The style of all writs and process shall be 'The State of Texas;' and unless otherwise specially provided by law, every such writ and process shall be directed to the sheriff or any constable of the proper county."

■ There is no special provision in our statutes for the citation, required to be issued under article 3333 of the Revised Statutes for the probate of wills, to be directed to any person, commanding him to serve same, and; in the absence of any exclusive or special statute relative thereto, same is under the plain provision of article 2286, supra, governed by its provisions, and all citations issued under said article 3333 must be directed to the sheriff or constable in the county where the will is filed for probate, commanding him to serve same. As stated in 21 R. C. L. 1266: "At common law all writs and other process must be directed to some person authorized by law to execute same and without such direction they are wholly void." To the same effect is the text laid down in 50 C. J. 454, where the rule is stated to be: "Process should ordinarily be directed to the officer who is to serve it, such as the sheriff of the county wherein the suit is pending, or where the defendant is alleged to be a resident."

Under articles 4114 and 4115 of the Revised Statutes, relating to the appointment of guardians, very similar notices are required to be issued as are required for citation under article 3333 for the probate of a will. Under said articles it was specifically held in Threatt v. Johnson (Tex. Civ. App.) 156 S. W. 1137, 1139, that unless and until the notice as required therein had been properly issued and served, the probate court had no power to appoint a guardian, and used the following language: "The power of the court to appoint the permanent guardian on the proceedings is a special power conferred by the statute, and the statute as to the issuance and service of citation must be substantially followed in order to make valid the exercise of the power; for compliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional. And any attempt to exercise the power of appointment, without such express requirement being complied with, becomes a nullity. The citation here undertaken to be issued so far failed of even a substantial compliance with the requirements as to have the legal effect of being a nullity in this proceeding."

490

■ We think the citation issued in this proceeding, directed to the sheriff or constable of ——— county to be served in ——— county, was insufficient, and service thereof by the sheriff of Navarro county did not give the county court of Navarro county authority to make any orders connected with said estate. Under the provisions of article 3338 of the Revised Statutes, until a citation was properly issued and served, the court had no jurisdiction over the matter, and could not enter any order affecting same.

■ Appellees' contention that the defects in the citation were cured by reason of appellants' having appeared and filed a contest has been definitely, and we think correctly, decided against them. In the early case of Perez v. Perez, 59 Tex. 322, the court stated: "We believe that the court erred in proceeding to probate the will without service of citation upon all the parties named in the petition as entitled to the inheritance. Process was doubtless waived by those who appeared, but the rest of the heirs of the deceased were necessary parties to the proceeding, and if they were not before the court, the probate of the will was improperly had."

In Threatt v. Johnson, supra, the court stated: "Appellees' appearance in court would not dispense with the necessity of the citation required and operate to confer jurisdiction on the court; for the citation in this character of proceeding is not a matter personal to appellees, and appellees had no right to file a contest until the citation was issued."

Since neither the county court nor the district court had the power to probate the will in controversy by reason of no proper citation having been issued and served, said judgments of said courts are void. The judgment of the district court probating said will is reversed, and the cause is remanded to the district court, with directions to it to dismiss the appeal.

STANFORD, J. (dissenting).

Not being able to agree with my Associates in the disposition of this case, I hereby file the following dissenting opinion:

This is an appeal from a judgment of the district court of Navarro county admitting to probate the last will and testament of Mrs. Mary J. Wilson. Appellants contend that the judgments of both the county court and the district court admitting said will to probate are void, because no proper citation was issued and served as required by our statutes. The facts with reference thereto are undisputed. It appears that appellees, as executors named therein, filed an application to probate the will of Mrs. Wilson, together with said will, in the county court of Navarro county on March 26, 1929; said application being as follows:

"State of Texas, County of Navarro

"In County Court, Navarro County, Texas, May Term, A. D. 1929.

"To said Court:

"Come now Willie D. White and Dr. J. E. McClung, resident citizens of Navarro County, Texas, and respectfully represent and would show to the court that Mrs. Mary J. Wilson, feme sole, departed this life at her home in Corsicana, Navarro County, on the twenty-second day of March, A. D. 1929; she then being about 84 years of age.

"That she left a written will, duly executed before two competent witnesses, whereby she disposed of her entire estate, which is mostly situated in Navarro County, and is of the probable value of Fifty Thousand Dollars.

"That petitioners are named in said will as independent executors, without bond, and are in no wise disqualified from accepting letters testamentary. Said will being attached hereto and filed herewith.

"Wherefore, premises considered, petitioners pray that said last will and testament be proven up, established and probated as the last will and testament of said Mrs. Mary J. Wilson, after due notice having been given, and that they be appointed independent executors thereof, and for letters testamentary, etc.

"S. M. Kerr
"Attorney for Petitioners
Willie D. White and Dr. J. E. McClung."

The citation issued thereon by the county clerk of Navarro county was as follows:

"The State of Texas—To the Sheriff or Any Constable of ——— County, Greeting:

"You are hereby commanded to cause to be posted for ten days, exclusive of the day of posting, before the return day hereof, in three of the most public places in ——— county, one of which will be at the Court House door, and no two of which shall be in the same city or town, copies of the following notice:

"The State of Texas: To all persons interested in the Estate of Mrs. Mary J. Wilson, deceased: Willie D. White and Dr. J. E. McClung, have filed in the County Court of Navarro County, an application for the Probate of the last Will and Testament of said Mrs. Mary J. Wilson Deceased, filed with said application, and for Letters Testamentary, which will be heard at the next term of said Court, commencing on the first Monday in May, A. D. 1929, the same being the 6th day of May, A. D. 1929, at the Court House thereof in Corsicana, Texas, at which time all persons interested in said Estate may appear and contest said application, should they desire to do so.

"Herein fail not, but have you before said Court on the said first day of the next term

thereof this Writ, with your return thereon, showing how you have executed the same.

"Given under my hand and the seal of said Court, at office in Corsicana, Texas, this, the 9th day of April, A. D. 1929.

"Frank R. Young, Clerk County Court, Navarro County, Texas,

"[L. S.]      By L. C. Morgan, Deputy.

"I hereby certify that the above and foregoing, is a true and correct copy of the Original writ now in my hands,

"Rufus Pevehouse, Sheriff, Navarro County, Texas, "By Walter Hayes, Deputy."

The certificate of the sheriff and his return were as follows:

"Came to hand on the 9th day of April, A. D. 1929, Executed on the 9th day of April, A. D. 1929, by Posting 3 Notices one at the Court House Door, one at Rice, and one at Dawson, in Navarro County, Texas,

"Rufus Pevehouse, Sheriff Navarro County, Tex.

"$3.00       By Walter Hayes, Dept."

Appellants, being some of the heirs of Mrs. Wilson, filed a contest to the probate of said will, on the ground it was obtained by undue influence, and that Mrs. Wilson, at the time she executed the will, was of unsound mind. Appellants in both the county court and in the district court challenged the power of the court to probate said will, because the citation was not addressed to the sheriff or any constable of *Navarro* county, and the officer was not directed to post the notices in *Navarro* county. Appellees contend the citation and service are sufficient, but that, if same were not sufficient, appellants, by having appeared and filed their contest and tried same in both the county and district courts, thereby waived any defect in said citation. Both the county court and the district court overruled appellants' contention and heard the contest on its merits, and each of said courts admitted said will to probate.

The general requisites for citations in ordinary suits in law or equity are prescribed in articles 2021 and 2022, Revised Statutes. Such citations are required to be "directed to the sheriff or any constable * * * where the defendant is alleged to reside or be, and command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court," etc. Article 2286, under "General Provisions," provides: "The style of all writs and process shall be 'The State of Texas;' and *unless otherwise specially provided by law*, every such writ and process shall be directed to the sheriff or any constable of the proper county," etc.

In ordinary suits, such as were in contemplation in articles 2021, 2022, and 2286, frequently there are several defendants residing in counties other than the county in which the suit is filed, and, as no officer has author-ity to serve process outside the limits of his county, it necessarily follows that it is important that process in such cases be directed to the sheriff or constable of the proper county. But, where the proceeding is not a suit proper, but is in the nature of a proceeding in rem, its purpose being to probate a written will, or appoint an administrator, or the appointment of a guardian, etc., the statute does not require the citation or notice to be directed to the sheriff or constable, but in such cases the citation or notice is directed to all parties interested in such estate, article 3333 and article 4114, Revised Statutes, and is served by the officer by posting notices, article 3334, and sections 2 and 3 under article 3311, Revised Statutes. See, also, articles 4114 and 4115. In every such proceeding, whether the application is for the appointment of a guardian, the probate of a written will, or the appointment of an executor or administrator, the citation or notice is required to be posted *in the county* in which such proceeding is filed, and the effect of so posting notices is to charge the world with notice of the contents of such application. In this case the application to probate the written will, the citation or notice issued thereon, and the return of said process by the proper officer are each and all, it is thought, in strict compliance with the law. Articles 2022 and 2286, prescribing the requirements of citations in ordinary suits in law or equity, require such citations to be directed to the sheriff or constable of the proper county "*unless* otherwise specially provided." Article 3310 and article 3333 prescribe the requirements of citations or notices in probate matters, and neither of said articles provides or contemplates that same be addressed to the sheriff or constable, but the latter expressly provides the clerk shall "issue a citation to all parties interested in such estate." There can never be any occasion for a citation or notice in the probate of a written will being served in any county other than the one in which the will is being probated. This is determined by the statute which provides for service by posting notices in the county where the will is to be probated, and, as above stated, the posting of such notice constitutes service upon all parties regardless of where such parties live. The petition or application to probate said will, with the will attached, was in proper form, and alleged every jurisdictional fact necessary to be alleged. The citation or notice, beginning with "The State of Texas: To all persons interested in the estate of Mrs. Mary J. Wilson, Deceased," etc., contains every requirement prescribed by statutes for such citation. Said notice or citation was served in the proper manner, in the proper county, and by the proper officer. See article 3311, §§ 2 and 3, Revised Statutes, and articles 3310, 3333, and 3334, for citations in probate, also articles 4114 and 4115 in guardianship; Perez v. Perez, 59 Tex. 322; Portis

v. Parker, 8 Tex. page 24, 58 Am. Dec. 95; Perkins v. Wood, 63 Tex. 396; Lillard v. Tolliver, 154 Tenn. 304, 285 S. W. 576. The citation was properly styled "The State of Texas." The name of the county was no part of the style. Portis v. Parker, 8 Tex. 24, 58 Am. Dec. 95. It is thought in this character of case all of the notice preceding the words, "The State of Texas: To all persons interested in the Estate of Mrs. Mary J. Wilson, deceased," etc., is surplusage and unnecessary. However, if appellants are correct in their contention that a notice in probate of a written will must meet the requirements of a citation in an ordinary civil suit, in that it must be directed to the sheriff or constable of the proper county, then, in so far as appellants are concerned, it is thought they have waived any irregularity in the notice or citation issued and posted, because, by voluntarily appearing in both the county and district courts, filing their answer, and trying said contest in probate, they have brought themselves within the provisions of articles 2047 and 2048, Revised Statutes, and especially is this true as appellants did not allege or prove any necessity for administration upon the estate of the deceased; the only relief sought being to probate the will as a muniment of title. It is thought the propositions above discussed should be overruled.

Under other propositions appellants contend, in effect, that the trial court erred in directing the jury to return a verdict against contestants and in favor of proponents of the will. There was no evidence that Mrs. Wilson did not have testamentary capacity at the time she executed said will, nor that undue influence was exercised over her in the execution thereof. I have examined the evidence, and without attempting to set out same here, will say, it is thought the evidence was not sufficient to raise an issue as to whether undue influence was exercised over the testatrix in the execution of said will; neither is it thought the evidence was sufficient to raise an issue as to her testamentary capacity.

It is thought the judgment of the trial court is correct and should be affirmed.