**STORY v. STORY et al.**

No. 12419.

Court of Civil Appeals of Texas. Dallas.

April 10, 1937.

Rehearing Denied May 1, 1937.

Ross M. Scott and J. C. Muse, both of Dallas, for appellant.

Dallas C. Biggers and Ralph D. Baker, both of Dallas, for appellees.

BOND, Justice.

Appellee Isaac B. Story filed in the county court of Dallas county an application for the appointment of a guardian of the person and estate of Shelton A. Story, alleging that Shelton A. Story was a person of unsound mind and that, in the event he be found a person of unsound mind, the applicant be appointed guardian. Mrs. Ella Coats Story, wife of Shelton A. Story, intervened in the cause, and alleged that her husband was of sound mind, but, in the event he was found to be of unsound mind, then, in that event, she be appointed the guardian.

The only citation or notice issued on the application of Isaac B. Story was one personally served on the alleged insane person, and, on hearing, Shelton A. Story in person and by attorney being present, the county court, sitting in probate, found that he was of sound mind, thus denied the application for the appointment of a guardian and dismissed the plea of intervention.

The applicant alone perfected his appeal to the district court, where, on trial de novo before a jury, Shelton A. Story was found and adjudged to be a person of unsound mind, in need of a guardian, and accordingly one Leo Tresp was appointed guardian of his person and estate. This appeal is from the judgment of the district court.

On the trial in the district court, the jurisdiction of the court was challenged by appellant, through his attorney, on the ground that the county court, after having adjudged Shelton A. Story not to be of unsound mind, was not then called upon to exercise probate jurisdiction on applicant's alternative plea for the appointment of a guardian, and no appeal lies to the district court.

There are two statutes affecting the person and estate of a person of unsound mind: Chapter 3, title 69, as amended (Vernon's Ann.Civ.St. art. 4118 et seq.), provides that, on application of anyone, at a regular term of the county court, after notice is given as required by law, the court may appoint a guardian, if satisfied that the person for whom a guardian is sought is a person of unsound mind. Where the proceeding is brought under this statute, the unsoundness of mind of such person and the giving of notice as required by law are the two essential ele-

ments for the exercise of jurisdiction of the county court to appoint a guardian; and, under such proceedings, any person who may consider himself aggrieved by such order or decision may appeal to the district court. Article 4318, R.S. But, where the proceeding is brought about under chapter 12, title 69, as amended (Vernon's Ann.Civ.St. art. 4267 et seq.), by complaint or information, under oath, to restrain or confine such person to an asylum, the finding of the county court that the person is of unsound mind alone confers jurisdiction on the court to immediately and without further notice appoint a guardian of the person and estate of such defendant. Such proceedings under the latter statute cannot be treated as a probate proceeding.

Under the lunacy statute, chapter 12, title 69, the sole issue to be determined is the unsoundness of mind of the defendant, and, if the defendant is found to be "not guilty," that is, not of unsound mind, no provision is made by statute for the court to exercise probate jurisdiction; therefore, there is no appeal to the district court. The only effective appeal to the district court, where a person is found to be sane, is in proceedings brought under the above statutes where the finding of unsoundness of mind is merely an incident to the appointment of a guardian, and not an incident to confinement in an asylum.

In the case of Pure Oil Co. v. Clark (Tex.Com.App.) 56 S.W.(2d) 850, 851, in dealing with a similar question as here involved, the Supreme Court said: "The distinction between a trial where the question of insanity alone is merely incident to the commitment to an asylum and a trial where the adjudication of insanity is incident to the appointment of a guardian is that the latter trial partakes of the nature of a guardianship proceeding over which the district court has jurisdiction by express provision of the statute (articles 4318 and 4103) and by constitutional provision (article 5, § 8)." To the same effect is the holding of this court in the case of Leonard v. Dallas County, 292 S.W. 249, 250. In the latter case, as in the former, the question discussed was whether the district court had jurisdiction of an appeal from the county court where the adjudication of insanity was merely incident to the commitment to an asylum, and not an incident to the appointment of a guardian. Chief Justice Jones, speaking for this court, held,

as was subsequently held by the Supreme Court in the Clark Case, supra, that the district court had no jurisdiction of an appeal brought strictly under the lunacy statute, and concluded the discussion with this statement: "Chapter 3 of title 69 does authorize the county court, when sitting in probate, to determine whether a person is of unsound mind. This, though, is when the probate power of such court is invoked by an application of a person to be appointed guardian of an alleged lunatic; and, if there has been no adjudication of the mental condition of the alleged lunatic, the court is authorized to determine such condition on the hearing of the application for letters of guardianship. It has been held that an appeal from the ruling of the court on such application for guardianship can be appealed to the district court under the provisions of article 4318. Horton v. Horton (Tex.Civ.App.) 264 S.W. 293. The distinction between that character of proceeding and the proceeding had in the instant case is obvious. In the one case the inquiry as to the unsoundness of mind is a necessary incident in order to determine whether the right of guardianship exists; in the instant case the determination of the question as to soundness of mind is the sole question before the court."

In the case at bar, the proceeding was brought on application for the appointment of guardian based on the unsoundness of mind of Shelton A. Story, and not by complaint or information to confine him to an asylum. So, we think an appeal would lie to the district court, if the county court otherwise had jurisdiction. If the county court had no jurisdiction of the cause by reason of lack of notice or citation, the district court had none and, of course, this court would have none.

■ Under the statutes, supra, and authorities of this state, the probate jurisdiction of the county court is invoked on the filing of a petition for the appointment of a guardian, either of a minor, a person of unsound mind, or a habitual drunkard, on notice and citations having been given in the manner required by law. In case of a minor under fourteen years of age and of a person of unsound mind, we think, the notice by posting is indispensable to confer jurisdiction on the county court. The law recognizes that a person of unsound mind, like a minor under fourteen years of age, is helpless, lacking mental capacity to enable him to exercise

discretion sufficient to understand the nature of his acts. The appointment of a guardian for persons of unsound mind shall proceed in the same manner as in the case of minors. Articles 4123 (as amended by Acts 1927, c. 179, § 3 [Vernon's Ann.Civ. St. art. 4123]), and 4272. As to minors, the statute provides: In case the minor is under fourteen years of age, notice shall be posted (article 4115, R.S., as amended by Acts 1935, c. 254, § 1 [Vernon's Ann.Civ. St. art. 4115]), and, in case the minor is over the age of fourteen years, citation shall be personally served on the minor, and the minor has the right to waive citation and select his own guardian (article 4116, R.S.). In providing that minors over fourteen years of age shall be personally served with citation to appear and answer the application, and that such citation may be waived by such minor and make choice of a guardian, and withholding such provisions from minors under fourteen years of age, the Legislature evidently recognized that minors over fourteen years of age are considered as persons having discretion and competent to transact their own business in reference to guardianship; whilst, in the case of minors under fourteen years of age, discretionary power is lacking to enable them to wisely exercise choice in the matter. Obviously, the appointment of the guardian is personal to a minor over fourteen years of age, and not personal to a minor under fourteen years of age. So, we think the Legislature, in providing that the appointment of a guardian for a person of unsound mind shall proceed in the same manner as in the case of minors, implies that they are incompetents, and notice by posting shall be given to them as in minors of tender years.

■ The appointment of a guardian is not personal to a person of unsound mind; the appointment as to him is of a public nature, thus the posting of notice is mandatory, directed to all persons who may be interested in the welfare of such person and his estate. Personal citation served upon an insane person, as in minors of tender years, evidently is not effective to confer jurisdiction on the county court, neither can such insane person or minor waive such requirement or be estopped to urge the lack of such notice by personal appearance in court. They are in law nonentities, incapable of knowing the effect and consequences of their act, essential to make a waiver or estoppel effective.

In the case of Threatt v. Johnson et al. (Tex.Civ.App.) 156 S.W. 1137, 1139, a guardian was appointed for a minor under fourteen years of age, without the posting of notice as required by law. The Texarkana Court of Civil Appeals held: "The power of the court to appoint the permanent guardian on the proceedings is a special power conferred by the statute, and the statute as to the issuance and service of citation must be substantially followed in order to make valid the exercise of the power; for compliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional. And any attempt to exercise the power of appointment, without such express requirement being complied with, becomes a nullity. The citation here undertaken to be issued so far failed of even a substantial compliance with the requirements as to have the legal effect of being a nullity in this proceeding. Appellees' appearance in court would not dispense with the necessity of the citation required and operate to confer jurisdiction on the court; for the citation in this character of proceeding is not a matter personal to appellees, and appellees had no right to file a contest until the citation was issued."

To the same effect is the holding of Waco Court of Civil Appeals in the case of Green v. White et al., 32 S.W.(2d) 488.

In the case of Bearden et al. v. Texas Co. et al., 60 S.W.(2d) 1031, 1034, the Supreme Court, in passing upon the question of the issuance and service of notice in proceeding to appoint a guardian for an insane person, said: " * * * there is no direct statute providing for the issuance and service of notice or citation in such proceedings, but articles 4114, 4115, and 4116, supra, provide in detail how notice and citation shall be issued and served in guardianship proceedings for minors. Article 4274 expressly provides: 'Each provision of this title relating to the guardianship of the persons and estates of minors shall apply to the guardianship of the persons and estates of persons of unsound mind, and habitual drunkards, in so far as the same are applicable.' It appears that when articles 4114, 4115, and 4116 are read in conjunction with article 4274, supra, the method of issuing and serving notice in guardianship proceedings for

the appointment of a guardian for persons of non compos mentis are fully defined. In other words, article 4274 requires that notice and citation shall be issued in cases involving insanity in the same manner as in cases involving minors."

Since neither the county court nor the district court had the power to appoint a guardian for the person and estate of Shelton A. Story, by reason of no proper notice having been posted as required by law, the judgments of said courts are void. The judgment of the district court is reversed and the cause remanded to the district court with directions to it to dismiss the appeal to that court.

Reversed and remanded, with instructions.