**MITCHELL et al. v. RUTTER et al.**

No. 9808.

Court of Civil Appeals of Texas. Austin.

June 15, 1949.

T. P. de Steiguer and Charles L. Krueger, Austin, for appellants.

Frank Kerbow and Julius F. Franki, Austin, for appellees.

HUGHES, Justice.

This is a will contest. Henry Lee Freitag, who died June 9, 1939, is the testator. His estate consisted principally of a 114-acre farm located on the Colorado River in the Teck community in Travis County, which he acquired by inheritance from his father.

Appellants, Rosie Mitchell, Charlie Roberts, Mary Hutson, Lillie True, Joe Roberts, Frank Roberts, and W. Tanner, were nieces and nephews of the testator, and by the terms of his will, dated January 3, 1934, were devised and bequeathed the 114-acre farm, together with all improvements thereon, share and share alike. By an amended application filed in the County Court of Travis County on the 20th of July, 1948, they became proponents of the will of January 3, 1934.

Appellees are the children of Henry Lee Freitag, deceased, to-wit: Cora F. Rutter, Francis Freitag, Dora Freitag, a person of unsound mind, Henry Freitag, Ida Freitag Sevier, and Clara Freitag Rosenbush, and they are contesting the validity of the will.

The will was admitted to probate by the Travis County Court on August 2, 1948, as a muniment of title.

None of the children of testator made an appearance in the County Court in the proceedings to probate the will and none of them had any knowledge that a will of their father had been probated until they were sued in trespass to try title in the District Court of Travis County by appellants for the recovery of the 114-acre farm, which, since the death of the testator in 1939, had been occupied by some of the Freitag children.

On September 16, 1948, three of the Freitag children filed a petition for writ of certiorari in the court below, in which they prayed, after setting out numerous grounds of error, that all proceedings pertaining to the probate of the will of Henry Lee Freitag be removed to the District Court, that a trial de novo be conducted, and that the instrument of January 3, 1934, purporting to be the will of Henry Lee Freitag, be denied probate. The remaining Freitag children intervened in the District Court and adopted the allegations of the petition for writ of certiorari.

Trial in the District Court before a jury resulted in an instructed verdict for appellees and judgment was rendered denying probate to the writing dated January 3, 1934, and decreeing that Henry Lee Freitag died intestate.

Appellants contend that since contestants did not appear in the County Court and contest the application to probate the will of their father and only appeared in the District Court by filing and joining in a petition for writ of certiorari, that they have instituted an original suit in the District Court for the purpose of contesting or annulling the probate of a will, and that the District Court does not have original jurisdiction of such a suit. We do not agree.

■ Certiorari proceedings under Art. 932, Vernon's Ann.Civ.St., and Rules 344-351, inc., Texas Rules of Civil Procedure, are appellate in nature, and are direct and not collateral proceedings. Franks v. Chapman, 60 Tex. 46, McDonald v. Ed-wards, 137 Tex. 423, 153 S.W.2d 567. The District Court had jurisdiction to review and revise the order of the County Court which probated the will of Henry Lee Freitag. Williams v. Carter, Tex.Civ.App. Galveston, 176 S.W.2d 580, Writ Ref. W.O.M.

■ Many other errors are assigned by appellants as cause for reversal, but we have concluded that discussion or decision of these matters is not called for since we acquiesce in appellees' counter assignment of error that the citation issued out of the County Court on the application to probate the will in question was insufficient to invoke the jurisdiction of the court for that purpose, or at least was insufficient to support the default judgment probating the will as against this direct attack.

The citation was directed to the: "Sheriff or any Constable of Travis County." Rule 15, TRCP, provides that, unless otherwise provided, all writs and process shall be directed to "any sheriff or any constable within the State of Texas."

■ We have found no statute or other court rule which provides to whom a citation issued on an application to probate a will should be directed and hence Rule 15 is applicable. See advisory opinion of Sub-committee on Interpretation of Rules and Procedure, Vol. X, p. 271, Texas Bar Journal, Stayton's Annotated Texas Forms, Vol. 2, Sec. 1137, fn. 31, Sec. 1788, fn. 29.

In Green v. White, Tex.Civ.App. Waco, 32 S.W.2d 488, 489, the court held the judgments of the County and District Courts probating a will to be void because the citation issued on the application to probate the will was addressed to the "sheriff or any constable of ——— county," and commanded him to post the notices in "———" County. Art. 2286, VACS, then in force but since repealed and superseded by Rule 15, TRCP, provided that all writs and process, unless otherwise specially provided by law, should be directed to the Sheriff or any Constable of the proper county.

■ The general rule is that statutes relating to service of process are mandatory and that a default judgment based upon a citation and service not complying with the

statutes is void where the defect is apparent upon the face of the record. City of Corpus Christi v. Scrugg, Tex.Civ.App. San Antonio, 89 S.W.2d 458.

Proper citation on an application to probate a will cannot be waived. Green v. White, supra, and to the same effect Story v. Story, Tex.Civ.App.Dallas, 105 S.W.2d 370, 371, Writ Ref.

As stated above appellees advanced the point about the insufficiency of the probate citation and we have held in accordance with their views, but their prayer is that the judgment of the trial court, denying the will to probate and adjudging that Henry Lee Freitag died intestate, should be affirmed. We cannot agree that this is a proper disposition to make of this appeal.

In Story v. Story, supra, the court said: "* * * If the county court had no jurisdiction of the cause by reason of lack of notice or citation, the district court had none and, of course, this court would have none.

* * * * * *

"Since neither the county court nor the district court had the power to appoint a guardian for the person and estate of Shelton A. Story, by reason of no proper notice having been posted as required by law, the judgments of said courts are void. The judgment of the district court is reversed and the cause remanded to the district court with directions to it to dismiss the appeal to that court."

Upon the authority of that decision, it is the order of this court that the judgment of the District Court be reversed and this cause remanded to that court with directions to dismiss the appeal (by certiorari) to that court.

This judgment is, of course, without prejudice to an orderly disposition of appellants' application to probate the will of Henry Lee Freitag, deceased, in the County Court of Travis County.

Costs in the District Court and in this Court are adjudged one-half against appellants and one-half against appellees.

Reversed and remanded with instructions.