**Joe E. KOTZ, Jr., Appellant,**

v.

**Alma KOTZ, Appellee.**

**No. 8591.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 12, 1981.

James A. DeLee, Port Arthur, for appellant.

D. H. O'Fiel, Beaumont, for appellee.

DIES, Chief Justice.

In strict accordance with the applicable provisions of the Probate Code, Alma A. Kotz, the surviving widow of Joe Kotz, filed his will for probate and record. On February 12, 1973, the will was admitted to probate and record; our appellee took the required oath as executrix and filed the inventory and list of claims.

On February 11, 1973, one year and three hundred sixty-four days after the probate of the will, appellant fled a contest of the will by filing his contest with the County Clerk. No citation or notice of the filing of such contest was issued or given to appellee. On January 31, 1980, through different counsel, appellant filed a "Motion for a Show Cause Hearing" asking for a trial of the contest. Appellee answered by a plea in abatement which was sustained by the trial court, the contest dismissed, and this appeal followed.

Appellant raises two questions: First, he contends that no service of citation was required on his contest; and, second, that if no citation was necessary, he showed due diligence.

*Tex.Prob.Code Ann. § 93* (1980) states:

"After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest."

We note that *Section 93* does not expressly provide for the issuance of citation or the giving of notice of the filing of the contest. Consequently, under the provisions of *Section 33(a)* of the Probate Code, such citation and notice is not required by *that* code.

 But, it should be kept in mind that the Texas Rules of Civil Procedure are applicable to probate proceedings. See, e. g., *Tex.R.Civ.P. 2.* See 17 Woodward & Smith, *Probate and Decedents' Estates* § 141, at 129 (Texas Practice 1971).

 We now hold that *Tex.R.Civ.P. 72* applies to proceedings contesting a probated will under *Tex.Prob.Code Ann. § 93* (1980). Thus, the method of giving the notice is that prescribed in *Section 34* of the Probate Code and *Tex.R.Civ.P. 21a.*

Any construction of Section 93 which did not require any type of notice to the opposite party would present large constitutional due process questions.

In *Mason v. Mason,* 357 S.W.2d 442, 448 (Tex.Civ.App.—Austin 1962), the court was considering a proceeding under *Section 93* of the Probate Code, and the specific question related to necessary and indispensable parties who were not before the court. In passing upon this question, the court considered the due process question lurking in the background in this case, saying:

"Although Sec. 93, Probate Code, does not specifically designate who should be named as parties defendant in a suit to contest the validity of a will, which had been admitted to probate, nevertheless if the provisions of Sec. 33 are applicable and it is unnecessary to serve citation upon any designated person as defendant in such proceedings, Sec. 33 would be unconstitutional and void under the provisions of the due process clauses in the Fourth and Fifth Amendments of the Constitution of the United States and Sec. 19, Art. 1, Constitution of Texas, Vernon's Ann.St., since no notice or hearing would be afforded to persons interested in the outcome of such proceedings. Under such construction it would be possible for a person who was desirous of contesting the validity of a will which had been admitted to probate to wait until one year and 364 days had elapsed from the date the will was probated and then file in the proceedings in the County Court a suit to contest the validity of such will without giving notice by citation or otherwise to the persons named in the will and have a judgment by default rendered on the last day permitted by the limitation period. Such a procedure would be in violation of such constitutional provisions above referred to."

On appeal, our Supreme Court did not disapprove of this language. Instead, it held that under the doctrine of virtual representation, notice to the trustee was sufficient to vest jurisdiction in the trial and appellate courts. *Mason v. Mason,* 366 S.W.2d 552, 554 (Tex.1963).

In our case, the appellant, just as in the hypothesis of Justice Richards, waited "until one year and 364 days from the date the will was probated" before filing his contest in the county court. But, all appellant did was to file the contest. He waited five years, eleven months and nineteen days before taking *any* action on the pending will contest.

Considering the undisputed record, we do not find any abuse of discretion on the part of the trial judge in dismissing the cause. We need not decide here whether appellant " 'abandoned' his cause—or failed to exercise due diligence" in its prosecution. Under either test, he fails. See the authorities

cited in *Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930, 932 (Tex.1975).

 Furthermore, it was contestant's duty to not only file suit within the time prescribed by the Code but also to exercise diligence to see that notice was given or process issued and served. *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180 (Tex.1970); *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd); *Reynolds v. Alcorn,* 601 S.W.2d 785 (Tex. Civ.App.—Amarillo 1980, no writ). In *Reynolds* appellant filed suit five (5) days before the expiration of the limitation period, requested service, and then did nothing for seventeen (17) months. It was held that the suit was barred by limitations, as a matter of law. In the case at bar, no service was requested by appellant, and he waited some five (5) years before requesting trial. We hold that appellant did not use due diligence, and affirm the order of the Probate Court.

AFFIRMED.