**John W. JENNINGS, et al., Appellant,**

v.

**David H. HILBURN, Appellee.**

**No. 05–84–00442–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 25, 1985.

Rehearing Denied April 23, 1985.

John B. Kyle, Henderson, Bryant & Wolfe, Sherman, for appellant.

Jack G. Kennedy, Kennedy, Minshew, Campbell, Cain & Seidlits, Sherman, for appellee.

Before GUILLOT, DEVANY and WILLIAMS [1], JJ.

WILLIAMS, Justice.

This is an appeal from an order of the trial court admitting a will to probate. Since the record demonstrates conclusively that the proponent of the will failed to timely secure proper notice of the proceedings, we hold that the trial court lacked

---

1.  The Honorable Claude Williams, Chief Justice, Fifth Court of Appeals, Dallas, retired, sitting by designation pursuant to TEX.REV.CIV.STAT. ANN. art. 1812 (Vernon Supp.1984).

jurisdiction to admit the will to probate. The judgment is therefore reversed and rendered.

Joe N. Hilburn executed the will in question on September 29, 1970. Mr. Hilburn died September 1, 1974. On March 7, 1975, David Hilburn, appellee, filed an application to probate the 1970 will in the Fifteenth District Court of Grayson County, sitting in probate. No citation was issued on the application. No action was taken and on July 7, 1978, the trial court dismissed the cause for want of prosecution. However, the court later reinstated the case.

Appellants then filed their motion for summary judgment and plea to the jurisdiction based upon the contention that David Hilburn, proponent of the will, had failed to comply with the Texas Probate Code in that he did not effectively seek probate of the will within four years of the death of the testator. In support of the motion, appellants submitted the record of the clerk's office which established that as of June 14, 1979, almost five years after testator's death, no citation of probate application had been issued by the clerk's office. David Hilburn then had citation issued on June 15, 1979. The court overruled the motion for summary judgment and plea to the jurisdiction and admitted the will to probate.

In their first two points of error appellants contend that the trial court lacked jurisdiction to probate the will since the record affirmatively demonstrated that the proponent, David Hilburn, had failed to have citation issued within four years of the testator's death. In their third point of error appellants contend that the Fifteenth District Court of Grayson County, Texas, lacked jurisdiction because a probate court had been created in Grayson County. We sustain the first two points but overrule the third.

Section 73 of the Texas Probate Code specifically states in subdivision (a) that no will shall be admitted to probate after the lapse of four years from the death of the testator. Section 88 of the Texas Probate Code then requires, among other items of proof for the probate of a will, that four years have not elapsed between the testator's death and the application to probate and that citation has been served and returned as required by the code. Section 128(a) of the Texas Probate Code requires that upon application for probate a citation shall be issued by the clerk to all parties interested in the estate.

Our supreme court in the early case of *Perez v. Perez*, 59 Tex. 322 (1883) interpreted such statutes to be jurisdictional and essential to be established before a court may probate a will. The court held, as might be expected, that probate without service of citation would be invalid. *See also, Threatt v. Johnson*, 156 S.W.2d 1137, 1139 (Tex.Civ.App.—Texarkana 1913, no writ).

In *Kotz v. Kotz*, 613 S.W.2d 760 (Tex.Civ. App.—Beaumont 1981, no writ) a will had been duly probated and a contest filed within two years after the will was admitted to probate but no service of process was accomplished. The trial court sustained a plea in abatement and dismissed the contest. The court of appeals affirmed and held that even though section 93 of the probate code dealing with contest did not specifically provide for citation in such cases that due process required same. The court held that the Texas Rules of Civil Procedure are applicable to probate proceedings. Texas Rules of Civil Procedure, § 2; 17 Woodward & Smith, Probate and Decedence Estates, § 141, at 129 (Tex.Practice 1971).

The court, in *Kotz*, emphasized the well-established rule that it is not only essential to file the action within the statutory limit, but also to exercise due diligence in seeing that proper service is timely accomplished. *Rigo Manufacturing Co. v. Thomas*, 458 S.W.2d 180 (Tex.1970); *Buie v. Couch*, 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd); *Reynolds v. Alcorn*, 601 S.W.2d 785 (Tex.Civ.App.—Amarillo 1980, no writ).

In *Reynolds*, appellant filed suit five days before limitation, but did nothing for seventeen months. The court held that the

suit was barred as a matter of law for failing to use diligence in issuing citation.

■■■ In any type of case, due process requires the petitioner to exercise reasonable diligence to not only present his petition for filing with the clerk but also to see to it that proper notice is served upon all parties affected by the proposed litigation. *City of Gainesville v. Harder*, 139 Tex. 155, 162 S.W.2d 93 (1942); *Owen v. City of Eastland*, 124 Tex. 419, 78 S.W.2d 178, 179 (1935, opinion adopted). Also, since citation in a probate matter is not personal in nature it cannot be waived by appearance. *Green v. White*, 32 S.W.2d 488, 490 (Tex. Civ.App.—Waco 1930, no writ) and *Mitchell v. Rutter*, 221 S.W.2d 979, 981 (Tex.Civ. App.—Austin 1949, no writ).

■ In the case before us the deceased, Joe N. Hilburn, died September 1, 1974, and appellee tendered his will for probate March 7, 1975, but admittedly made no effort to see to it that proper service was had on appellants, or any other interested party, until June 15, 1979, four years and three months later. Such action was definitely not in keeping with the plain provisions of the law and the trial court was without jurisdiction to admit the will to probate.

■ In appellants' point three, they contend that the Fifteenth District Court of Grayson County lost jurisdiction of the case by the establishment of a probate court in Grayson County subsequent to the probate action filed in the district court. The creation of the new probate court of Grayson County by article 1970–332a Revised Civil Statutes, did not act retroactively to deprive the district court of the right to continue to hear cases pending in that court and which had been filed prior to the establishment of the probate court. *Boyd v. Dean*, 515 S.W.2d 753 (Tex.Civ. App.—Beaumont 1974, no writ).

The judgment of the trial court is reversed and judgment is here rendered that the will of Joe N. Hilburn is not probated and such probate proceedings are hereby dismissed.