

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

December 11, 1952

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. V-1553

Re: The procedure under which
an independent school dis-
trict having fewer than
150 scholastics can ac-
complish mineral leases
and sales of real property.

Dear Sir:

Your request for our opinion reads in part as follows:

"In a matter before us an independent
school district has a scholastic population
of (124) according to the latest census.
Its board of trustees has not elected, as
permitted under Article 2763 as amended, to
be governed in all its operations by the
laws generally applicable to independent
school districts. But it has submitted to
the State Commissioner of Education a pro-
posed oil, gas and mineral lease for his
approval, and contends that Article 2773a
requires the approval of the Commissioner,
because that statute is applicable to 'any'
and all independent school districts in the
matter of the execution of oil and gas
leases. It further points out that Article
2763 provides that those common school dis-
trict laws only which appertain to the
'general administration' of the school dis-
trict govern in their general administra-
tive affairs, that the execution of an oil
and gas lease is a special affair and no
part of the general administration of the
schools, therefore, Article 2773a is the
statute to follow.

"Stating the problem in another way,
the independent district is contending that
it is not governed in the execution of its
oil and gas leases by Articles 2753 and

5400a, V.C.S., the laws governing common school districts therein, because Article 2773a, supra, is controlling as to 'any' independent school district.

" . . .

"We would appreciate the opinion of your office on the following questions:

"1. Is the proper execution of an oil, gas and mineral lease by an independent school district having fewer than 150 scholastics, (which district has not elected to be governed by independent district laws as permitted in Article 2763, V.C.S., as amended) to be accomplished under Article 2773a, V.C.S., or under Articles 2753 and 5400a, V.C.S.?

"2. Is the sale of real property and buildings (other than minerals) by a district described in question 1. to be accomplished in accordance with the requirements of Article 2773, V.C.S., the independent school district law, or under Article 2753, V.C.S., the common school district law?"

Article 2753, V.C.S., provides:

"The trustees of any school district, upon the order of the county trustees prescribing the terms thereof, when deemed advisable, may make sale of any property belonging to said school district, and apply the proceeds to the purchase of necessary grounds, or to the building or repairing of schoolhouses, or place the proceeds to the credit of the available school fund of the district."

Section 2 of Article 5400a, V.C.S., reads as follows:

"The right to lease such lands shall be exercised by the governing board, the commission or commissioners of such political

subdivision which are by law constituted with the management, control, and supervision of such subdivision, and when in the discretion of such governing body they shall determine that it is advisable to make a lease of any such lands belonging to such district or subdivision, such governing body shall give notice of its intention to lease such lands, describing same, by publication of such notice in some newspaper published in the county, having a general circulation therein, once a week for a period of three (3) consecutive weeks, designating the time and place after such publication where such governing body will receive and consider bids for such mineral leases as such governing body may determine to make. On the date specified in said notice, such governing board or body shall receive and consider any and all bids submitted for the leasing of said lands or any portion thereof which are advertised for leasing, and in the discretion of such governing body shall award the lease to the highest and best bidder submitting a bid therefor, provided that if in the judgment of such governing body the bids submitted do not represent the fair value of such leases, such governing body in their discretion may reject same and again give notice and call for additional bids, but no leases shall in any event be made except upon public hearing and consideration of said bids and after the notice as herein provided."

Article 2773, V.C.S., provides:

"Any houses or lands held in trust by any city or town for public free school purposes may be sold for the purpose of investing in more convenient and desirable school property, with the consent of the State Board, by the board of trustees of such city or town; and, in such case, the president of the school board shall execute his deed to the purchaser for the same, reciting the resolution of the State Board giving consent thereto and the resolution of the board of trustees authorizing such sale."

Article 2773a, V.C.S., reads in part:

"Section 1. Any independent school dis-
trict, when in the opinion of a majority of
its trustees it is necessary or advisable to
sell, exchange, or convey the minerals, or
any part thereof, belonging to said district,
upon the order of said trustees, with the
consent of the State Superintendent of Public
Instruction, may execute an oil and/or gas
lease, or sell, exchange, and convey the
minerals, or any part thereof, to any person,
upon such terms as such trustees may deem
advantageous to said district, and which the
State Superintendent of Public Instruction
may approve, and apply any proceeds to the
sinking fund account of such district, if
there be outstanding bonds therein, other-
wise to the purchase of necessary grounds or
to the building or repairing of schoolhouses,
or to the credit of the local maintenance
school fund of the district, and in such
case said district, acting by its president,
shall execute its deed or lease to the pur-
chaser of the same, reciting the approval of
the State Superintendent of Public Instruc-
tion and the resolution of the Board of
Trustees authorizing the sale."

In Culver v. Miears, 220 S.W.2d 200 (Tex.Civ.
App. 1949, error ref.), it was held that the provisions
of Articles 2753 and 5400a, supra, must be followed by a
common school district in executing an oil and gas lease.
It is also stated in this case that the trustees of
common school districts with approval of the county
board can sell land belonging to the school district.
It is observed that Article 5400a is a general statute
while Article 2773a is a specific one, dealing only with
independent school districts. Article 5400a was passed
in 1937 and Article 2773 was enacted in 1941.

In Sam Bassett Lumber Co. v. City of Houston,
145 Tex. 492, 198 S.W.2d 879, 881 (1947) it is stated:

"On its face it appears to be in con-
flict with article 7298 relative to defenses
permitted in tax suits. But since the pro-
vision of article 7298 making the defense of
limitation available in tax suits by school

and road districts is a specific enactment it must prevail over article 7329 dealing with the subject of defenses to tax suits generally. The general rule is that when the law makes a general provision, apparently for all cases, and a special provision for a particular class, the general must yield to the special in so far as the particular class is concerned. Perez v. Perez, 59 Tex. 322. This rule is based upon the principle that all acts and parts thereof must stand, if possible, each occupying its proper place, and that the intention of the Legislature is more clearly reflected by a particular statute than by a general one. Accordingly a specific act is properly regarded as an exception to, or qualification of, a general law on the same subject previously enacted. In such a case both statutes are permitted to stand, the general one being applicable to all cases except the particular one embraced in the specific act. Townsend v. Terrell, 118, Tex. 463, 16 S.W.2d 1063."

You are therefore advised in answer to your first question that the leasing of lands owned by an independent school district should be accomplished under Article 2773a, V.C.S., rather than Article 5400a, V.C.S.

Article 2763, V.C.S., reads as follows:

"All incorporated districts, having fewer than one hundred and fifty (150) scholastics according to the latest scholastic census shall be governed in the general administration of their schools by the laws which apply to common school districts; and all funds of such district shall be kept in the county depository and paid out on order of the trustees approved by the county superintendent; provided, however, that the trustees of such incorporated district may choose, by majority vote to be shown on the minutes of the board, not to be governed in the general administration of their school by the laws which apply to common school districts and the keeping of their funds in the county depository, and upon such election

such district shall be governed by laws which
apply to other independent school districts.
A certified copy of such minutes must be
filed in the offices of the County Clerk and
in the offices of the Texas Education Agency
not later than September 1st."

This statute, originally passed in 1905, was
amended by House Bill 246, Acts 52nd Leg., 1945, ch. 431,
p. 779, by adding that part which we have not underscored.

The question for determination is whether the
leasing or selling of school lands by an independent dis-
trict would be included in the term "general administra-
tion of their schools" as used in Article 2763.

In Attorney General's Opinion No. 2218, Book 54,
p. 204 (1920) it is stated:

"With respect to the assessment of prop-
erty, the levy and collection of taxes, pro-
viding for taxes and bond elections and
issuing bonds on the faith and credit of the
district, the laws relating to independent
school districts govern and control those
independent school corporations that have
less than one hundred and fifty scholastics.

"In the construction of all civil stat-
utes the ordinary signification applies to
words 'except words of art or words connected
with a particular trade or subject matter.'
Art. 5502, R.S. 1911. The word 'administra-
tion' means 'the act of administering; direc-
tion; management; government of public af-
fairs; the conducting of any office or employ-
ment.' The Century Dictionary & Encyclopedia,
Vol 1, p. 77.

"The term 'general administration of
their schools' means therefore, the manage-
ment and control of the school system; that
is, the employment of teachers, approval of
vouchers, etc., and as to such matters inde-
pendent school corporations containing less
than one hundred and fifty scholastics the
law applicable to common school districts
will control."

We do not believe that the leasing or selling of real property should be included in the term "general administration of their schools" as used in Article 2763. It is therefore our opinion that the laws relating to leasing or selling of land belonging to independent school districts govern those independent school districts having fewer than 150 scholastics. In view of the foregoing, it is our opinion that the execution of an oil, gas and mineral lease by an independent school district having fewer than 150 scholastics, which has not elected to be governed by independent district laws as permitted by Article 2763, V.C.S., should be consummated under the provisions of Article 2773a, V.C.S.

Likewise the sale of real property and buildings (other than minerals) by a district described in question 1 should be accomplished in accordance with the requirements of Article 2773, V.C.S.

## SUMMARY

The leasing or selling of real property owned by school districts is not included in the term "general administration of their schools" as used in Article 2763, V.C.S. The execution of an oil, gas, and mineral lease by an independent school district having fewer than 150 scholastics, which has not elected to be governed by independent district laws as permitted by Article 2763 should be consummated under the provisions of Article 2773a, V.C.S.

The sale of real property and buildings (other than minerals) by an independent district having fewer than 150 scholastics should be accomplished in accordance with the requirements of Article 2773, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:am

Yours very truly,

PRICE DANIEL
Attorney General

By  *Bruce Allen*
Bruce Allen
Assistant