Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-11-00058-CV

**IN THE GUARDIANSHIP OF V.A.**, a Minor

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2010-PC-2075
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  May 16, 2012

AFFIRMED

Appellants Pedro A. Sr. and Pedro A. Jr. bring a restricted appeal challenging the probate court's appointment of appellee David Balmer as guardian of V.A.'s estate.  Appellants contend the probate court lacked jurisdiction to appoint Balmer because the probate court did not comply with the notice requirements of Texas Probate Code section 633.  We affirm the probate court's order.

## BACKGROUND

V.A. was severely injured in a car accident that took the lives of her brother, his girlfriend, and their son.  Prior to the accident, V.A. was living with her now-deceased brother because her biological parents' rights to her had been terminated more than a year prior to the

accident. While V.A. was receiving treatment for her accident injuries, another one of her brothers, Rogelio, initiated guardianship proceedings seeking appointment of David Balmer as guardian of her estate. V.A. was personally served with the application. Neither V.A.'s biological father, Pedro Sr., nor her other brother, Pedro Jr., was personally served, and the restricted appellate record does not show that they were given notice by mail. Balmer pursued V.A.'s claim and obtained a settlement against the trucking company involved in the accident. The probate court approved the settlement, and a management trust was created to protect V.A.'s estate.

Pedro Sr. and Pedro Jr. now bring a restricted appeal challenging the probate court's jurisdiction to appoint Balmer as guardian of V.A.'s estate and all orders following the appointment.

**COMPLIANCE WITH SECTION 633 OF THE TEXAS PROBATE CODE**

## A. Standard of Review of a Restricted Appeal

An appellant bringing a restricted appeal can prevail only if:

(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *accord Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30). For purposes of a restricted appeal, "the face of the record" refers to "all the papers on file in the appeal, including the reporter's record." *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The face of the record is limited to documents that were before the court at the time a challenged order was signed. *See Gen. Elec. Co. v. Falcon*

*Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991); *Tankard–Smith, Inc. Gen. Contractors v. Thursby*, 663 S.W.2d 473, 476 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

The only restricted-appeal requirement at issue is whether error is apparent on the face of the record.[1]

**B.  Texas Probate Code Section 633**

Appellants contend the probate court lacked jurisdiction to appoint Balmer because the court failed to comply with the mandatory requirements of section 633.  Specifically, appellants contend (1) Pedro Sr. was not personally served with the application of guardianship and citation, (2) the Texas Department of Family and Human Resources (TDFHR), V.A.'s managing conservator, was not personally served, (3) Pedro Jr. was not served by mail with the application and citation, (4) the administrator of University Hospital, Bexar County, Texas, the facility in which V.A. resided, was not served, and (5) the probate court failed to wait until the first Monday following a ten-day period commencing with the service, notice, and affidavit requirements of section 633 to appoint Balmer as guardian.  *See* TEX. PROB. CODE ANN. § 633 (West Supp. 2011).[2]

Section 633 provides the notice and citation requirements and procedures for filing an application for guardianship.  *See id.*  This section provides for different methods of service or notice based on a particular person's relationship to the proposed ward.  *See id.*  Subsection (c)

---

[1] Appellants filed a motion to strike documents outside the restricted record.  Pursuant to *General Electric*, we will consider only documents and testimony before the probate court on the date of Balmer's appointment.  *See Gen. Elec.*, 811 S.W.2d at 944.

[2] Recent amendments to section 633 apply only to guardianship proceedings commenced on or after September 1, 2011; thus, they are not applicable to this restricted appeal.  *See* Act of June 17, 2011, 82d Leg., R.S., ch. 599, §§ 6 13, 2011 Tex. Sess. Law Serv. 1448, 1450 (amending subsection (b) and adding subsection (c–1) of section 633 and establishing the effective date of the changes).

prioritizes certain groups of people and requires personal service of citation upon them; specifically, it provides:

> (c) The sheriff or other officer shall personally serve citation to appear and answer the application for guardianship on:
> (1) a proposed ward who is 12 years of age or older;
> (2) the parents of a proposed ward if the whereabouts of the parents are known or can be reasonably ascertained; [and]
> (3) any court-appointed conservator or person having control of the care and welfare of the proposed ward . . . .

*Id.* § 633(c)(1)–(3). Subsection (d) applies to a different group of people and provides:

> (d) The applicant shall mail a copy of the application for guardianship and a notice containing the information required in the citation issued under Subsection (b) of this section by registered or certified mail, return receipt requested, or by any other form of mail that provides proof of delivery, to the following persons, if their whereabouts are known or can be reasonably ascertained:
> (1) all adult children of a proposed ward;
> (2) all adult siblings of a proposed ward;
> (3) the administrator of a nursing home facility or similar facility in which the proposed ward resides; . . . .

*Id.* § 633(d)(1)–(3). Subsection (f) further distinguishes groups in subsections (c) and (d) and states, "The validity of a guardianship created under this chapter is not affected by the failure of the applicant to comply with the requirements of Subsections (d)(2)–(9) of this section." *Id.* § 633(f).

## C. Analysis

"The failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law." *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009) (citation and internal quotation marks omitted). A reviewing court applies statutory construction principles in determining whether a statute's requirements are jurisdictional. *City of DeSoto*, 288 S.W.3d at 394. *See generally* TEX. GOV'T CODE ANN. ch. 311 (West 2005 & Supp. 2011) ("Code Construction Act"). "[T]he

modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction"; therefore, we analyze a statutory provision under the presumption that the legislature did not intend to make the provision jurisdictional. *City of DeSoto*, 288 S.W.3d at 393–94 (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)). A number of factors are considered, but we begin with the statute's text. *Id.* at 395. However, the fact that a statute's requirements are mandatory does not, by itself, make the requirements jurisdictional. *Id.* We also examine "'the presence or absence of specific consequences for noncompliance' in determining whether a provision is jurisdictional." *Id.* at 396 (quoting *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001)). Finally, we examine the resulting consequences from each possible interpretation. *Id.* (citing *Helena Chem.*, 47 S.W.3d at 495).

### 1. Pedro Sr.

The restricted appellate record shows that Pedro Sr.'s parental rights regarding V.A. had been terminated before Rogelio initiated the guardianship proceeding. The court investigator's report specifically stated, "The biological parents of [V.A.] previously had their parental rights terminated." The termination of the parent-child relationship divested Pedro Sr. of all legal rights and duties with respect to V.A. *See* TEX. FAM. CODE ANN. § 161.206 (West 2008). Therefore, Pedro Sr. was not entitled to personal service of the application of guardianship. *Cf. In re Lambert*, 993 S.W.2d 123, 132 (Tex. App.—San Antonio 1999, orig. proceeding) ("[T]he trial court correctly dismissed biological mother's post-termination motion to modify conservatorship because she 'has no justiciable interest in the subject matter in litigation'" (quoting *Glover v. Moore*, 536 S.W.2d 78, 80 (Tex. Civ. App.—Eastland 1976, no writ))).

### 2. V.A.'s Managing Conservator, TDFHR

Appellants assert that because TDFHR, V.A.'s managing conservator, was not personally served, the probate court's order appointing Balmer as guardian of V.A.'s estate is void. It is undisputed that TDFHR was given notice of the proceedings, but it was not served in compliance with section 633(c)(3).

Generally, a party lacks standing to assert a due process violation based on improper service of another party. *See Sw. Constr. Receivables, Ltd. v. Regions Bank*, 162 S.W.3d 859, 864 (Tex. App.—Texarkana 2005, pet. denied); *cf. Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Additionally, an appealing party "may not complain of errors which do not injuriously affect him or which merely affect the rights of others." *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973); *see In re M.C.R.*, 55 S.W.3d 104, 107 (Tex. App.—San Antonio 2001, no pet.). Appellants have made no argument and cite no authority to support that these general rules do not apply to them, nor have the appellants shown how their interests have been affected by failure to serve TDFHR. Accordingly, appellants cannot complain of improper service upon TDFHR. *See Warth*, 422 U.S. at 499; *Jackson*, 499 S.W.2d at 92; *Sw. Constr. Receivables*, 162 S.W.3d at 864.

### 3. Pedro Jr.

Appellants assert the probate court's appointment of Balmer was void because Pedro Jr. was not given notice pursuant to section 633(d)(2), which requires notice be given to "all adult siblings of a proposed ward." *See* TEX. PROB. CODE ANN. § 633(d)(2). However, the Code specifically provides, "The validity of a guardianship created under this chapter is not affected by the failure of the applicant to comply with the requirements of Subsections (d)(2)–(9) of this

section." *Id.* § 633(f). Because Pedro Jr. belongs to the class of persons listed in (d)(2), we will not reverse the probate court's appointment of Balmer based on the contention that Pedro Jr. was not given proper notice. *See id.* § 633(d)(2), (f).

### 4. *University Hospital*

Appellants contend Balmer's appointment is void because the administrator of University Hospital, the facility where V.A. was residing, was not given notice by mail. *See id.* § 633(d)(3). This provision, like the provision addressing notice to Pedro Jr., is subject to section 633(f). *See id.* § 633(f). Accordingly, failure to give the hospital notice does not affect the validity of the probate court's appointment of Balmer as guardian of V.A.'s estate. *See id.* § 633(d)(3), (f).

### 5. *Noncompliance with Sections 633(f) and 633(d–1)*

Section 633(f) provides:

> The court may not act on an application for the creation of a guardianship until the Monday following the expiration of the 10-day period beginning the date service of notice and citation has been made as provided by Subsections (b), (c), and (d)(1) of this section and the applicant has complied with Subsection (d–1) of this section. The validity of a guardianship created under this chapter is not affected by the failure of the applicant to comply with the requirements of Subsections (d)(2)–(9) of this section.

TEX. PROB. CODE ANN. § 633(f). Section 633(d–1) provides:

> (d–1) The applicant shall file with the court:
>     (1) a copy of any notice required by Subsection (d) of this section and the proofs of delivery of the notice; and
>     (2) an affidavit sworn to by the applicant or the applicant's attorney stating:
>         (A) that the notice was mailed as required by Subsection (d) of this section; and
>         (B) the name of each person to whom the notice was mailed, if the person's name is not shown on the proof of delivery.

*Id.* § 633(d–1). It is undisputed that neither the ten-day waiting period of section 633(f) nor the affidavit requirement of section 633(d–1) was strictly complied with. Appellants contend that compliance with these provisions is jurisdictional; they rely on *In re Guardianship of Erickson*,

208 S.W.3d 737, 741 (Tex. App.—Texarkana 2006, no pet.) and *Ortiz v. Gutierrez*, 792 S.W.2d 118, 119 (Tex. App.—San Antonio 1989, writ dism'd) in support of this contention. At least one appellate court has called *Erickson* into question because it failed to analyze section 633(f) under the supreme court's holdings in *Kazi* and *City of DeSoto*. *See In re Guardianship of Jordan*, 348 S.W.3d 401, 409–10 (Tex. App.—Beaumont 2011, no pet.) (citing *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75–77 (Tex. 2000)). *Ortiz* was similarly called into question because it predated *Kazi* and *City of DeSoto*. *See Jordan*, 348 S.W.3d at 409–10.[3] We turn to the analysis set forth in *Kazi* and *City of Desoto* to determine if sections 633(f) and 633(d–1) are jurisdictional.

a. The plain language of the statute

The plain language of section 633(f) and the use of the phrase "may not" means that compliance with the ten-day waiting period is mandatory. *See City of Athens v. MacAvoy*, 353 S.W.3d 905, 909 (Tex. App.—Tyler 2011, pet. denied) (noting that both "may not" and "must" are mandatory but not necessarily jurisdictional); *see also* TEX. GOV'T CODE ANN. § 311.016; *cf. City of DeSoto*, 288 S.W.3d at 395 (recognizing that the use of the word "must" generally means mandatory but not necessarily jurisdictional). Similarly, use of the phrase "shall" in section 633(d–1) indicates filing the affidavit is mandatory. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). However, neither section 633(f) nor 633(d–1) contains express

---

[3] *Ortiz* is distinguishable from the case at hand. First, *Ortiz* addressed the lack of personal service on the proposed ward. *See Ortiz*, 792 S.W.2d at 119. Here, there is no complaint of improper service upon V.A. Additionally, the broad statement in *Ortiz* that "[t]he power of a court to appoint a guardian is a special power conferred by statute and compliance with the statute is a condition precedent to the valid exercise of that power and is jurisdictional," *see Ortiz*, 792 S.W.2d at 119, is of limited applicability post-*Kazi* and post-*City of DeSoto*. *Compare Kazi*, 12 S.W.3d 71, 75–76 (Tex. 2000) (recognizing the "modern" trend to decrease vulnerability of final judgments and overruling prior cases "to the extent that [they] characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional"), *with Mingus v. Wadley*, 115 Tex. 551, 558, 285 S.W. 1084, 1087 (1926) ("The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable."), *overruled by Kazi*, 12 S.W.3d 71 (Tex. 2000).

language indicating a legislative intent to make these provisions jurisdictional. *Cf. City of DeSoto*, 288 S.W.3d at 395. Accordingly, we will examine other factors to determine whether the legislature intended compliance with section 633(f) and (d–1) to be jurisdictional.

        b. Other factors

The legislature has given specific consequences for failure to give notice to certain persons: "The validity of a guardianship created under this chapter is not affected by the failure of the applicant to comply with the requirements of Subsections (d)(2)–(9) of this section." TEX. PROB. CODE ANN. § 633(f). Implicit in this statement is that failure to comply with any other provision may affect the validity of the appointment of a guardian. However, this general implication does not indicate that the validity of the proceeding can be challenged under a jurisdictional-defect theory. Further, it is doubtful that the legislature intended for a person belonging to the subsets in (d)(2)–(9) to challenge the validity of a guardianship proceeding for failure to comply with the ten-day waiting period or the affidavit requirement when the legislature specifically precluded recourse for these same persons when they were not given notice in compliance with section 633. *See id.* § 633(f).

Finally, the consequences of finding subsections 633(f) and 633(d–1) jurisdictional under the present facts favor a determination that compliance with them is non-jurisdictional. *Cf. City of DeSoto*, 288 S.W.3d at 396–97. Guardianship proceedings are necessarily ongoing and may last for many years and consist of numerous orders. *See In re Martinez*, No. 04-07-00558-CV, 2008 WL 227987, at *1 (Tex. App.—San Antonio Jan. 30, 2008, no pet.) (mem. op.). Appellants argue that courts have routinely held that personal service on a proposed ward of the application for guardianship is jurisdictional. *See, e.g.*, *id.*; *Guardianship of B.A.G.*, 794 S.W.2d 510, 511 (Tex. App.—Corpus Christi 1990, no writ); *Ortiz*, 792 S.W.2d at 119 (holding the

personal service requirement of a proposed ward pursuant to section 633's predecessor—former section 130E of the Probate Code—was jurisdictional). We do not dispute the contention that a probate court lacks jurisdiction over a guardianship proceeding where the proposed ward has not been properly served. However, compliance with the ten-day requirement of 633(f) and the affidavit requirement of 633(d–1) is inherently different from failing to personally serve a proposed ward. Determining subsections (f) and (d–1) are jurisdictional and subject to attack by a party who does not belong to section 633(c) or (d)(1) could subject a multi-decade long guardianship case to attack by a person wholly unconcerned or unconnected with the ward.

Additionally, a guardianship proceeding, unlike other cases, allows potential relief for a party contesting the appointment of a guardian. With the exception of persons who have adverse interests to a ward, "*any* person has the right to commence any guardianship proceeding, including a proceeding for complete restoration of a ward's capacity or modification of a ward's guardianship, or to appear and contest any guardianship proceeding or the appointment of a particular person as guardian." TEX. PROB. CODE ANN. § 642 (emphasis added).

Based on our analysis under *Kazi* and *City of Desoto*, we hold that under the specific facts of the case, compliance with sections 633(d–1) and 633(f) was not jurisdictional. *Cf. Jordan*, 348 S.W.3d at 410. Because appellants have not shown the probate court's lack of jurisdiction apparent on the face of the record, appellants' point of error is overruled. *See McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex. 1965); *Tex. Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 758 (Tex. App.—San Antonio 1989, no writ).

We hold that compliance with Texas Probate Code subsections 633(f) and (d–1) is not jurisdictional in situations where either a person not entitled to notice under section 633 or a person entitled to notice under section 633(d)(2) challenges a probate court's order for failure to

comply with the ten-day requirement in section 633(f) or the affidavit requirement in section 633(d–1).

**CONCLUSION**

Appellants failed to show error apparent on the face of the record. Therefore, we affirm the probate court's order.

Rebecca Simmons, Justice