

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00041-CV

Lorenzo **MIRELES**,
Appellant

v.

Diane **MIRELES**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-05557
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

The only issue presented in this restricted appeal is whether error is apparent on the face of the record by establishing that the trial court granted a divorce before the expiration of sixty days from the date the original petition for divorce was filed.  We affirm the trial court's judgment.

To prevail on a restricted appeal, the appellant, Lorenzo Mireles, must establish that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings

of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). "Only the fourth element is at issue."[1] *Id.* 30). In a restricted appeal, the face of the record consists of all the papers on file in the appeal, including the reporter's record. *In re Guardianship of V.A.*, 390 S.W.3d 414, 416 (Tex. App.—San Antonio 2012, pet. denied) (quoting *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)). The face of the record is limited to documents that were on file with the trial court at the time the judgment was rendered. *Id.*; *see also Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.).

Lorenzo relies on section 6.702(a) of the Texas Family Code in asserting error is apparent on the face of the record in the instant case. With certain exceptions that are not relevant to the instant case, section 6.702(a) prohibits a trial court from granting a divorce "before the 60th day after the date the suit was filed." TEX. FAM. CODE ANN. § 6.702(a) (West Supp. 2012). The divorce petition was filed in the underlying cause on April 4, 2011. Lorenzo asserts the trial court granted the divorce before sixty days after that date because the final divorce decree recites that a trial on the merits was held on April 29, 2011.

"Generally, a judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly." *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002). In this case, the record on appeal contains no reporter's record from the proceedings held on April 29, 2011. Because there is no reporter's record of the trial court's verbal pronouncements on April 29, 2011, the face of the record does not establish that judgment was rendered on that date. *See Cue v. Cue*, No. 04-97-00140-CV, 1998 WL 28094, at *2 (Tex. App.—San Antonio Jan. 28, 1998, pet. denied) (noting

---

[1] Although appellee did not file a brief, the record conclusively establishes the other three elements.

absence of reporter's record reflecting oral pronouncements) (not designated for publication); *see also Cadles of Grassy Meadow, II, LLC v. Herbert*, No. 07-09-00190-CV, 2010 WL 1705307, at *4, 6 (Tex. App.—Amarillo Apr. 27, 2010, no pet.) (noting absence of reporter's record and that factual recitations in judgment form no part of the judgment itself) (mem. op.).  The absence of a rendition on April 29, 2011 is further bolstered by a subsequent order issued by the trial court on July 5, 2012, setting the underlying cause for dismissal for want of prosecution.  Having reviewed the record as a whole, the only rendition date reflected on the face of the record is July 16, 2012, the date the trial court signed the final decree of divorce.  Because this date was more than 60 days after the underlying suit was filed, error is not apparent on the face of the record.

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice