

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00372-CV

---

## IN THE ESTATE OF HUGH SLOAN ROBINSON SR., DECEASED

---

On Appeal from the 13th District Court
Navarro County, Texas[1]
Trial Court No. 09-18236-CV, Honorable James E. Lagomarsino, Presiding

---

July 28, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

U.S. Invention Corp. appeals the judgment of the trial court affirming the Navarro County Court's admission of the will of Hugh Sloan Robinson Sr. to probate as a muniment of title. Through a single issue, U.S. Invention Corp. contends that the county court did not have jurisdiction to enter the will to probate as a muniment of title. We will affirm.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this cause has been transferred to this Court from the Tenth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

## Factual and Procedural Background

Hugh Sloan Robinson Sr. died on November 15, 2003. At the time of his death, Robinson was married to and survived by Kathy Robinson. Also surviving Robinson were Robinson's four adult children: Elizabeth Robinson Kennedy, Roxanne Robinson Rogers, Hugh Sloan Robinson Jr., and Michelle Robinson McIntire. Robinson's will was not discovered by Kathy until 2008. Kathy filed an application to probate the will on January 30, 2009, and then filed an amended application to probate the will as a muniment of title on February 24, 2009. Under the terms of the will, Robinson devised all of his estate to the Rice Independent School District (R.I.S.D.), except for a life estate to Kathy to five acres of land and all appurtenances thereto. Additionally, Robinson devised all of his livestock, tools and personal effects to Kathy.

No personal service was issued to anyone at the time of filing of the original application to probate the will of Robinson. However, citation was posted at the courthouse door of Navarro County. The return reflects that the sheriff's office received the citation on January 30, 2009, and executed the same on February 2, 2009. A second citation was issued when the amended application to probate the will as a muniment of title was filed. The sheriff's return for the second citation reflects that it was received on February 25, 2009, and executed on February 26, 2009. On April 2, 2009, the County Court of Navarro County entered an order admitting the will of Robinson to probate as a muniment of title.

On May 8, 2009, U.S. Invention Corp. filed an application to set aside the order admitting Robinson's will to probate as a muniment of title and an original petition for

declaratory judgment. U.S. Invention Corp. had purchased the undivided interest of each of the four adult children of Robinson in the 57.906 acre tract of land that comprised the bulk of Robinson's estate prior to the will being offered for probate as a muniment of title. U.S. Invention Corp.'s suit named Kathy, Stewart Title, and R.I.S.D. as defendants.

Stewart Title filed a general denial in the county court. R.I.S.D. filed an answer to the suit filed by U.S. Invention Corp. and then filed a motion to transfer the matter to the District Court of Navarro County. The county court signed an order transferring the case on May 20, 2009. The matter was then transferred to the 13th District Court in Navarro County. Kathy subsequently filed an answer to the suit.

Trial was held to the court on June 4, 2014. After receiving post trial submissions and briefs, the trial court signed its judgment on August 20, 2015. The judgment ordered that the last will of Robinson was properly admitted to probate as a muniment of title. Further, the judgment decreed that R.I.S.D. was not in default in failing to present the will of Robinson for probate before the fourth anniversary of his death. Finally, the trial court ordered that R.I.S.D. recover from U.S. Invention Corp. title to and possession of the property at issue, subject to Kathy's life estate. The trial court subsequently filed findings of fact and conclusions of law. U.S. Invention Corp. makes no sufficiency challenges, legal or factual, to any of the findings issued by the trial court.

U.S. Invention Corp. has appealed the judgment of the trial court by a single issue. In its issue, U.S. Invention Corp. contends that the failure to issue service of process on each of Robinson's heirs deprived the county court of jurisdiction to enter

3

any orders admitting the will to probate.  Disagreeing with U.S. Invention Corp.'s issue, we will affirm the trial court's judgment.

Failure to Personally Serve the Heirs of Robinson

U.S. Invention Corp.'s single issue concerns the jurisdiction of the county court to admit the will of Robinson to probate when the heirs at law—the adult children of Robinson—were not personally given notice of the pending probate by service of process on each of them.  U.S. Invention Corp.'s issue is founded upon the provisions of section 128B(a) of the Texas Probate Code.[2] *See* TEX. PROB. CODE ANN. § 128B(a) (West 2013).[3]  Subsection (a) provides:

> Except as provided by Subsection (b) of this section, an applicant for the probate of a will under Section 73(a) of this code must give notice by service of process to each of testator's heirs whose address can be ascertained by the applicant with reasonable diligence.  The notice must be given before the probate of the testator's will.

Section 73(a) provides that the applicable time to probate a will is four years from the date of the testator's death, unless it is shown by the party applying to probate the will was not in default in failing to present the will for probate within the four year period. *See* Probate Code § 73(a) (West 2003).

U.S. Invention Corp. supports its position that the county court lacked jurisdiction to probate Robinson's will with citations to several cases, the first being *Perez v. Perez,*

---

[2] All citations will be to the Texas Probate Code which has subsequently been recodified as the Texas Estate Code, Acts 2009, 81st Leg., ch. 680, and Acts 2011, 82nd Leg., ch. 823, as part of the Texas Legislative Council's statutory revision program as authorized by TEX. GOV'T CODE ANN. § 323.007.

[3] Further reference to the Texas Probate Code will be by reference to "Probate Code section ____" or "Probate Code § ____."

59 Tex. 322 (Tex. 1883). The *Perez* case involved the probate of a nuncupative will where the statutes in play contained a requirement that the heirs at law must be cited to contest the nuncupative will if they so desired. *See id.* at 324. The Texas Supreme Court analyzed the case under the theory that the particular requirements for a nuncupative will took precedence over the more general requirements of notice of a written will. *See id.* at 325. Because of this, the mere posting of notice was not deemed sufficient notice. *See id.* at 326. Therefore, the court held that the order permitting probate of the nuncupative will would be reversed and remanded for a new trial. *See id.* While holding that the order permitting the nuncupative will to probate could not stand, the court did not say that the trial court was without jurisdiction to probate the will; rather, it said that it probated the nuncupative will in an improper manner. *See id.*

Appellant next cites the Court to *Threatt v. Johnson,* 156 S.W. 1137, 1139 (Tex. Civ. App.—Texarkana 1913, no writ), for the proposition that a will without service of process is void and invalid. At first glance, the case could be construed to stand for the proposition put forth by U.S. Invention Corp. However, upon closer reading, we find that *Threatt* was not a case involving a will; rather, it was a temporary and permanent guardian appointment case. *See id.* at 1138. This distinction is important because it involved appointment of a temporary guardian of minor children during the vacation period of the court. *See id.* Because the case was not subsequently set for hearing during the regular term of the court, the *Threatt* court held that the trial court was without jurisdiction to make the guardianship permanent under the then existing statutory scheme. *See id.* at 1139. Thus, the court held that the order appointing the guardian

5

was void. The controlling feature of the opinion was the procedural distinction between the court being in vacation as opposed to being in its regular term.

Based upon these two cases, U.S. Invention Corp. contends that the county court was without jurisdiction to probate the will in question. Accordingly, U.S. Invention Corp. asks us to reverse this case by holding that the county court lacked jurisdiction to probate Robinson's will as a muniment of title.

Before turning to the contentions of R.I.S.D. regarding the merits of U.S. Invention Corp.'s arguments, we must consult the record regarding the notice provided U.S. Invention Corp. and the previous transfers of the property at issue.

The record reflects that, prior to the time that the Robinson will was submitted for probate as a muniment of title—indeed before the original application to simply probate the will—the adult children of Robinson, the ones who U.S. Invention Corp. contends were not served with process, had sold their interest in the 57.906 acres to U.S. Invention Corp. The transactions between U.S. Invention Corp. and the heirs of Robinson whereby the heirs sold their rights to the property at issue began on March 8, 2008, when Roxanne Rogers and Elizabeth Kennedy executed warranty deeds in favor of U.S. Invention Corp. Then, on March 31, 2008, Hugh Sloan Robinson Jr. executed a warranty deed in favor of U.S. Invention Corp. Finally, on August 15, 2008, Michelle Robinson McIntire executed a warranty deed in favor of U.S. Invention Corp. Therefore, at the moment in time about which U.S. Invention Corp. complains, the date of filing of the application and amended application to probate the will of Robinson, none of the heirs held any interest or expectancy in the property at issue.

Further, the record reveals that citation was posted on the courthouse door as required by the Property Code for the requisite period of time. *See* Probate Code § 128 (West 2013). This statute, in force at the time the original and amended application were filed, was complied with according to the record before the Court. No one has contested the fact that notice was posted on the courthouse door.

These facts are important for our consideration because U.S. Invention Corp. has taken it upon itself to complain about the failure to personally serve the heirs, individuals who have not taken any part in these proceedings. From all appearances, U.S. Invention Corp. seems to contend that it is to be treated the same as the heirs, for purposes of these proceedings. However, such is not the case. The term "heirs" is a term of art as defined in section 3 of the probate code. *See* Probate Code § 3(o) (West 2013). Heir is defined as "denot[ing] those persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of a decedent who dies intestate." *Id.* By no stretch of legal logic can we make U.S. Invention Corp. fit into that definition.

Thus it seems that U.S. Invention Corp. is asserting some sort of due process violation based on improper service of other parties. As a general proposition, a party lacks standing to assert a due process violation based upon improper service of another party. *See In re Guardianship of V.A.,* 390 S.W.3d 414, 418 (Tex. App.—San Antonio, pet. denied); *cf. Warth v. Seldin,* 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ("[T]he plaintiff generally must assert his own legal rights and interest, and cannot rest his claim to relief on the legal rights or interests of third parties.").

As to U.S. Invention Corp.'s rights and interest, the posting of notice on the courthouse door was notice to it that the County Court was going to take up the matter of the probate of the will of Robinson. *See* Probate Code § 128; *Fortinberry v. Fortinberry,* 326 S.W.2d 717, 719 (Tex. Civ. App.—Waco 1959, writ ref'd). Yet, U.S. Invention Corp. did not contest the probate of the will as a muniment of title. It waited until after the will had been admitted to probate to file a subsequent action asking the court to set aside the order probating the will.

R.I.S.D. contends that the cases cited by U.S. Invention Corp. are not the controlling law on this matter. Rather, R.I.S.D. submits that the modern practice regarding claims of lack of compliance with the statute, in this case section 128B(a) of the Probate Code, is controlled by case of *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex. 2000). We read *Dubai* to stand for the proposition that the more modern approach is to reduce the vulnerability of final judgments on the grounds that the trial court lacked subject matter jurisdiction. *See id. Dubai* involved a statutory prerequisite to maintaining a lawsuit in Texas courts for an accident that killed a citizen of a foreign country. *See id.* at 73. In the final analysis, the Texas Supreme Court opted to hold that the district court could hear the case regardless of whether the statutory prerequisite had been fully complied with because the statutory requirement was not deemed to be jurisdictional. *See id.* at 76.

*Dubai* has spawned a number of other cases. One of primary interest is *City of Desoto v. White,* 288 S.W.3d 389, 393 (Tex. 2009). In *City of Desoto,* the fact pattern involved a suspension of a police officer who then appealed the suspension. *See id.* at 391. The statute in play gave him the right to appeal either to the civil service

8

commission or through an independent hearing examiner. *See id.* The office opted to go the independent hearing examiner route. *See id.* However, that choice carried a limitation on his ability to seek judicial review of the hearing examiner's findings. *See id.* When giving the officer his notice of his various appellate rights, the city did not advise him of the hearing officer limitation on the right to seek judicial review, as it was required to do by statute. *See id.* After receiving a negative result in front of the hearing officer, the police officer in question sought to obtain judicial review of his suspension based upon the failure of the city to give the required notice. *See id.* The officer took the position that the hearing officer was without jurisdiction to hear the case because of the failure of the city to give the requisite notice. *See id.* at 392.

Of importance to our consideration, the *City of Desoto* case makes the point that, due to the consequences of allowing judgments to be later attacked on grounds that the tribunal lacked subject matter jurisdiction, the court has been and continues to be reluctant to conclude that a provision is jurisdictional absent clear legislative intent to that effect. *See id.* at 393. Thus, the court in *City of Desoto* began its analysis with the presumption that the legislature did not intend to make the notice requirement under the applicable statute jurisdictional. *See id.* at 394. Such presumption could only be overcome by clear legislative intent to the contrary.

Turning to the area of probate law, there are two cases that are instructive about whether notice provisions are jurisdictional. The first comes out of the Beaumont Court of Appeals. *See In re Guardianship of Jordan,* 348 S.W.3d 401 (Tex. App.—Beaumont 2011, no pet.). In *Jordan,* the litigant argued for the first time on appeal, in a reply brief, that the guardianship was void because citation was not personally served on the

9

proposed ward. *See id.* at 405. After analyzing the purpose of the service requirement and the actions that the litigant took to hinder that service, the Beaumont court referred to the *Dubai* opinion to reach the conclusion that there was nothing in the record to indicate the legislative intent that compliance with a specific method of obtaining a person's presence in court is necessary to confer subject matter jurisdiction to bind parties who have made an appearance in court. *See id.* at 410. Ultimately, the court held that the trial court had authority to appoint guardians over the person and estate of the ward. *See id.*

The next probate case of interest is another guardianship case out of the San Antonio Court of Appeals. In *In re Guardianship of V.A.*, 390 S.W.3d at 415-20, the court was addressing various arguments that a number of statutes regarding service of process had not been complied with and, as a result, the trial court lacked jurisdiction to enter the guardianship order. *See id.* at 415. While discussing the role of the reviewing appellate court, the court noted that the fact that a statute is mandatory does not make that requirement jurisdictional. *See id.* at 418. The *V.A.* court then set out various ways to analyze the question of whether the mandatory statute was jurisdictional. *See id.* at 418–19. The court said that reviewing courts should first look at the plain language of the statute. *See id.* at 420. Next, the court pointed to other factors, such as the specific consequences for failure to give the required notice. *See id.* In its case, the court noted that the consequences for failure to give the required notice would be that an invalid order might be entered. *See id.* Yet, this general invalidity theory does not mean that the order could be attacked under a jurisdictional-defect theory. *See id.* at 421.

We now apply the lessons learned from the cases reviewed to the facts of this case. First, there is a presumption that the legislature did not intend to make the notice requirement under the applicable statute jurisdictional. *See City of Desoto,* 288 S.W.3d at 394. While we note that the statute in question, section 128B(a) does use mandatory language—"an applicant for the probate of a will under Section 73(a) of this code must give notice by service of process to each of the testator's heirs"—the use of mandatory language does not necessarily imply that the provision is jurisdictional. *See* Probate Code § 128B(a); *In re Guardianship of V.A.*, 390 S.W.3d at 418. Finally, there is nothing presented in this record nor in the briefing that would direct this Court to any legislative intention that this section of the Probate Code be considered jurisdictional.

Under the rubric of other facts, we refer to what the record shows regarding U.S. Invention Corp.'s notice of the pending proceedings and its actions prior to filing the lawsuit to set aside the order admitting the will to probate as a muniment of title. First, U.S. Invention Corp. is attempting to use the failure to serve the heirs to attack the jurisdiction of the trial court. There is no question that U.S. Invention Corp. is not an heir of Robinson. *See* Probate Code § 3(o). Next, U.S. Invention Corp. had notice that the will was being offered for probate and subsequently that an amended action was offering the same will for probate as a muniment of title. This is so because, the record clearly demonstrates that notice was posted as required by law. This notice was effective as to U.S. Invention Corp. *See* Probate Code § 128; *Fortinberry* 326 S.W.2d at 719.

We, therefore, find that the county court had jurisdiction to hear the amended application to probate the Robinson will as a muniment of title. U.S. Invention Corp.'s sole issue to the contrary is overruled.

In a reply brief, U.S. Invention Corp., for the first time, contends that the failure to serve it personally violated its due process. As a result of this violation of due process, it was being deprived of property without due course of law. The argument fails on a number of grounds. First, this argument was never presented to the trial court. Therefore, the argument has been waived. *See* TEX. R. APP. P. 33.1(a)(1)(A). Second, the record reflects that U.S. Invention Corp. was, in fact, served. It was served by the posting of citation on the courthouse door. *See* Probate Code § 128. Accordingly, U.S. Invention Corp.'s reply issue is also overruled.

## Conclusion

Having overruled all of U. S. Invention Corp.'s issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice