**Affirmed and Memorandum Opinion filed September 30, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00783-CV

---

### ROBERT STEVEN CHILDRESS, Appellant

### V.

### PALO PINTO COUNTY, Appellee

---

**On Appeal from the 29th District Court
Palo Pinto County, Texas
Trial Court Cause No. T21347**

---

## MEMORANDUM OPINION

Pro se appellant Robert Steven Childress brings four issues on appeal challenging the trial court's judgment in favor of various taxing authorities (the Taxing Authorities) for delinquent property taxes.[1] We affirm.

---

[1] The lawsuit was filed by Palo Pinto County, City of Mineral Wells, Graford Independent School District, and Mineral Wells Independent School District against Diana Childress Barbash, Henry Michael Childress, Robert Steven Childress, and Inheritance Funding Company. Robert Steven Childress and Palo Pinto County are the only parties on appeal. By the time of trial, the plaintiffs had amended their suit to exclude Graford Independent School District

The Taxing Authorities filed a foreclosure suit for delinquent property taxes against the defendants, including Childress, as owners of or those claiming an interest in the subject property. Childress was served with process and filed an answer. A trial date was scheduled, and Childress filed a motion for continuance. The trial was rescheduled, and Childress filed a second motion for continuance, which the trial court denied. The trial court conducted a bench trial without any defendants present, rendered an in rem judgment against the property, and ordered foreclosure of the Taxing Authorities' tax liens and the property sold to satisfy the liens.[2] The trial court did not render a personal judgment against any of the defendants.

On appeal, Childress contends that (1) the trial court lacked subject matter jurisdiction because the property was part of a probate estate at the time of trial and the case had to be tried in probate court; (2) the trial court abused its discretion in denying his motion for continuance and he was denied due process because he did not have the opportunity to attend the trial; (3) the trial court erred in granting an in rem judgment; and (4) he and two codefendants were not properly served with process. We address subject matter jurisdiction first.

**Subject Matter Jurisdiction**. Childress argued for the first time in his reply brief that the trial court lacked jurisdiction over the case because the subject property is part of a probate estate and the probate court had exclusive jurisdiction over the tax delinquency suit. An appellant generally may not raise a new issue in his reply brief that was not discussed in his original brief. *Yeske v. Piazza Del Arte,*

---

as a plaintiff. We refer to the plaintiffs in the live petition as the "Taxing Authorities." This case was transferred to our court from the Eleventh Court of Appeals; therefore, we must decide the case in accordance with its precedent if our decision would be otherwise inconsistent with its precedent. Tex. R. App. P. 41.3.

[2] An attorney for defendant Diana Childress Barbash appeared at trial.

*Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.—Houston [14th Dist.] 2016, no pet.). However, because subject matter jurisdiction is essential to the authority of a court to decide a case, the absence of subject matter jurisdiction cannot be waived and may be raised at any time. *Moody v. Moody*, 613 S.W.3d 707, 715 (Tex. App.—Houston [14th Dist.] 2020, pet. filed); *San Jacinto River Auth. v. Ogletree*, 594 S.W.3d 833, 838 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

We review the existence of subject matter jurisdiction de novo. *Ogletree*, 594 S.W.3d at 838. The party seeking to establish a lack of subject matter jurisdiction must show that the pleadings do not contain facts to affirmatively demonstrate the trial court's jurisdiction or challenge the existence of jurisdictional facts with evidence that the trial court lacks subject matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004).

Here, the pleadings do not demonstrate and no evidence on this record shows that the subject property was part of a pending probate proceeding when the tax delinquency lawsuit was filed and when the case went to trial. An attorney appeared at trial to represent one of the defendants, Diana Childress Barbash. The attorney asked the trial court to render an in rem judgment against the subject property because Barbash did not want the property. The attorney thought "it was part of [the] parent's estate of some sort." But that is not evidence of a pending probate proceeding. Accordingly, Childress failed to meet his burden demonstrating that the trial court lacked subject matter jurisdiction. *See id*. We overrule Childress's issue challenging the trial court's subject matter jurisdiction.

**Motion for Continuance and Due Process Challenges**. In his first issue, Childress complains that the trial court denied his second motion for continuance and contends that he was deprived of due process because he did not have an opportunity to attend the trial. Childress preserved error on his challenge to the

trial court's denial of his motion for continuance because the trial court ruled on it. *See Clarke v. Hunters Glen Cmty. Ass'n*, No. 14-03-00971-CV, 2004 WL 1313294, at \*1 (Tex. App.—Houston [14th Dist.] June 15, 2004, no pet.) (mem. op.) ("To preserve error on a trial court's denial of a motion for continuance, the movant must obtain a ruling from the trial court.") (citing Tex. R. App. P. 33.1(a)(2)). But he did not raise his due process challenge below, so he has not preserved that issue for appeal. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (citing Tex. R. App. P. 33.1); *In re F.E.N.*, 542 S.W.3d 752, 768 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Due process violations must be raised in the trial court for them to be preserved on appeal.").

We review the trial court's denial of a motion for continuance for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *In re S.M.H.*, 523 S.W.3d 783, 797 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *In re D.R.T.*, No. 11-12-00059-CV, 2014 WL 887342, at \*2 (Tex. App.—Eastland Feb. 28, 2014, no pet.) (mem. op.). A trial court abuses its discretion only if its ruling was arbitrary, unreasonable, or without reference to any guiding rules or principles. *In re S.M.H.*, 523 S.W.3d at 797. Motions for continuance are governed by Rule 251 of the Texas Rules of Civil Procedure. That rule provides that a motion for continuance shall not be granted except for sufficient cause supported by an affidavit, consent of the parties, or by operation of law. Tex. R. Civ. P. 251.

As discussed, Childress filed two motions for continuance. The trial court continued the trial one time but denied the second motion. Neither motion was supported by an affidavit, and the record does not reveal an agreement by the parties or an argument that a continuance should have been granted by operation of law. Absent one of these grounds, we must presume that the trial court did not

abuse its discretion by denying the requested continuance.[3] *In re S.M.H.*, 523 S.W.3d at 797 (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986), and *W.W. Webber, L.L.C. v. Harris Cty. Toll Road Auth.*, 324 S.W.3d 877, 880 (Tex. App.–Houston [14th Dist.] 2010, no pet.)). We overrule Childress's first issue.

**In Rem Judgment**. In a somewhat convoluted argument in issue two, Childress contends that the trial court erred in granting in rem judgment against the property instead of granting a personal judgment against codefendant Diane Childress Barbash. According to Childress, Barbash was the executor of the probate estate and was charged with taking care of estate property and paying property taxes. As discussed above, no evidence on this record shows that the subject property was part of a probate estate at the time the lawsuit was filed and went to trial. Moreover, issues challenging Barbash's purported failure to pay property taxes as executor of any pending probate estate were not raised below and are waived. *See* Tex. R. App. P. 33.1; *see also Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014) (noting appellate courts "do not consider issues that were not raised in the courts below," although parties can construct new arguments in support of issues properly before the appellate court).

Tax liens attach upon the land rather than upon the person, and a foreclosure suit is a proceeding "in rem" rather than "in personam." *Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 499 (Tex. App.—El Paso 2009, no pet.); *Phifer v. Nacogdoches Cty. Cent. Appraisal Dist.*, 45 S.W.3d 159, 168 (Tex. App.—Tyler 2000, pet. denied). Thus, the trial court was required to render an in rem judgment for foreclosure and did not err in failing to render a personal judgment against

---

[3] Pro se litigants and appellants are held to the same standards as licensed attorneys and must comply with applicable laws and procedures. *Rogers v. City of Houston*, No. 14-19-00196-CV, 2021 WL 2325193, at \*4 n.1 (Tex. App.—Houston [14th Dist.] June 8, 2021, no pet. h.); *Haddix v. Am. Zurich Ins. Co.*, 253 S.W.3d 339, 352 (Tex. App.—Eastland 2008, no pet.).

Barbash.[4] *See Fenlon v. Harris Cty.*, 569 S.W.3d 783, 796 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (holding trial court erred in rendering personal judgment for foreclosure based on delinquent taxes because foreclosure suits are in rem). We overrule Childress's second issue.

**Service of Process**. Childress contends in his third issue that defendants Bianca Harrison and Henry Childress were not properly served. Childress lacks standing to complain about improper service on his codefendants. *See In re V.A.*, 390 S.W.3d 414, 418 (Tex. App.—San Antonio 2012, pet. denied); *In re H.B.N.S.*, No. 14-05-00410-CV, 2007 WL 2034913, at *3 (Tex. App.—Houston [14th Dist.] July 17, 2007, pet. denied) (mem. op.); *Sw. Const. Receivables, Ltd. v. Regions Bank*, 162 S.W.3d 859, 864 (Tex. App.—Texarkana 2005, pet. denied). He "may not complain of errors which do not injuriously affect him or which merely affect the rights of others." *In re V.A.*, 390 S.W.3d at 418 (quoting *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973)). Childress has not shown that his interests were affected by any failure by the Taxing Authorities to properly serve his codefendants. *See id*.

Childress also asserts that he was not properly served, but he filed an answer. Filing an answer constitutes a general appearance, thereby dispensing with the need for the issuance and service of citation and waiving any complaints about service. Tex. R. Civ. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation

---

[4] We note that a personal judgment on a debt and foreclosure of the property securing that debt are separate but cumulative remedies under Texas law—suit on the debt is an "in personam" proceeding against the property owner; foreclosure is an "in rem" proceeding against the property, subjecting the property to payment of the indebtedness secured by the lien. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 248 (Tex. 2002) (Hankinson, J., dissenting). Here, the trial court did not award money damages on the debt. The attorney for the Taxing Authorities told the trial court that they would not seek personal liability against the defendants because the defendants were heirs.

upon him."); *see also In re A.L.H.*, 515 S.W.3d 60, 87 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). According to Childress, the default judgment in this case is invalid because of improper service. Because the trial court's judgment was rendered after Childress made an appearance in the case, he was entitled to set it aside only if he could show he did not appear for trial because he did not receive notice of the trial setting. *Cf. LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989). Here, Childress admits that he received notice of the trial setting. Childress's complaints regarding improper service are without merit. We overrule his third issue.

We affirm the judgment of the trial court.


/s/     Frances Bourliot
        Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.

7