

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00179-CV

Rodney **WARRIOR**,
Appellant

v.

Maria Cristina **WARRIOR**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI07193
Honorable Monique Diaz, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Beth Watkins, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 2, 2023

AFFIRMED

Appellant Rodney Warrior challenges the property division terms of a final decree of divorce. We affirm the judgment.

### BACKGROUND

Rodney and appellee Maria Cristina Warrior married in 2003. On April 18, 2018, Maria filed an original petition for divorce alleging that Rodney had engaged in family violence. In her

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Ret.) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.

petition, Maria asked the trial court to award her a disproportionate share of the couple's marital estate. Rodney filed a counterpetition for divorce that requested a "just and right" division of the marital estate.

In March of 2019, Maria filed an amended petition that added a claim for relief against Doris Warrior and Alvin C. Warrior, whom she identified as "two of four record title holder[s] and/or registered owners of" Rodney and Maria's marital home. Doris and Alvin did not file an answer to Maria's amended petition, and on October 3, 2019, the trial court signed a default judgment that divested them of their interest, if any, in the marital home. The default judgment provided that it "shall serve as a muniment of title to transfer ownership of [the marital home] to solely" Rodney and Maria, but it did not otherwise adjudicate Rodney's or Maria's respective interests in the property.

The clerk's record shows the trial court granted multiple attorneys leave to withdraw from their representation of Rodney during this case. The clerk's record also shows Rodney sought and obtained multiple continuances of the trial date. In a September 23, 2019 order granting one of Rodney's attorneys' motions to withdraw, the trial court noted, "This withdrawal shall not be used as a basis to request a continuance of the October 2, 2019 trial setting, which shall proceed whether [Rodney] has counsel or not."

The parties' briefs and the final decree of divorce indicate that Rodney and Maria tried their divorce to the bench on October 3, 2019 and that the trial court orally rendered judgment that day. Between March 25, 2021 and October 15, 2021, Maria filed four motions asking the trial court to sign a written final decree of divorce. On February 24, 2022, the trial court signed a final decree that awarded Maria, inter alia, 100% of the marital home and 75% of Maria's retirement account. Rodney filed a motion for new trial, which was overruled by operation of law. He then timely filed this appeal.

On June 30, 2022, the court reporter filed a notification of late record in this court, stating she had not filed the reporter's record because Rodney had not requested or paid for the record. We ordered Rodney to provide written proof by July 11, 2022 that he had paid for the record or was entitled to appeal without paying. In our order, we cautioned Rodney that if he did not respond within the time provided, we would consider only those issues that did not require a reporter's record for decision. Rodney did not respond to our order, and no transcripts of the October 3, 2019 trial or other hearings were made part of the appellate record in this case.

## ANALYSIS

As a threshold matter, we note that Rodney is proceeding pro se in this appeal. While we liberally construe pro se briefs, "we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *See, e.g.*, *Minor v. Red Hook Crab Shack LLC*, No. 04-21-00377-CV, 2022 WL 3219869, at \*2 (Tex. App.—San Antonio Aug. 10, 2022, no pet.) (mem. op.). "To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *Id.*

In the "issues presented" section of his brief, Rodney asserts seven enumerated issues challenging the trial court's division of the community estate and its exclusion of evidence. In unenumerated issues raised in the body of his brief, Rodney also appears to argue: (1) he was harmed by the withdrawal of one of his attorneys; (2) he did not receive proper notice of the trial setting; and (3) the trial court erred by rendering a default judgment against Doris and Alvin. To the extent that Rodney has attempted to raise other issues that are not addressed in this opinion, "we hold those issues have been waived as inadequately briefed, and we overrule them." *See Guidry v. Evans*, No. 04-22-00254-CV, 2023 WL 4338950, at \*1 (Tex. App.—San Antonio July 5, 2023, no pet. h.) (mem. op.).

*Evidentiary and Legal Support for Property Division*

In his first, second, third, fourth, fifth, and seventh issues, Rodney argues in general terms that the trial court's division of the community estate was not supported by the evidence or Texas law. However, the only portions of the decree that he specifically challenges are the awards to Maria of the marital home and 75% of her retirement account. Because Rodney has not briefed challenges to any other portions of the decree, we will consider only the trial court's division of the marital home and retirement account. *See, e.g.*, *Archer v. Tregellas*, 566 S.W.3d 281, 288 (Tex. 2018); *In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.) ("The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal.").

Assuming without deciding these issues are properly briefed, Rodney bore the burden to present an appellate record showing reversible error. *See, e.g.*, *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.). Here, the record consists solely of the clerk's record and does not contain a reporter's record of any hearings held or evidence admitted below. The lack of a reporter's record is fatal to Rodney's claims that the trial court's division of the marital estate was an abuse of discretion. *See Landis v. Landis*, 307 S.W.3d 393, 394–95 (Tex. App.—San Antonio 2009, no pet.). "This is because without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards." *Sareen*, 350 S.W.3d at 317. While both parties' briefs refer to hearing transcripts that were included in the appendix to Rodney's brief, we may not consider those transcripts "because appendix exhibits are not considered part of the record on appeal." *Rodriguez v. Harding*, No. 04-02-00093-CV, 2002 WL 31863766, at \*1 n.2 (Tex. App.—San Antonio Dec. 24, 2002, no pet.) (mem. op.).

We overrule Rodney's first, second, third, fourth, fifth, and seventh issues.

*Exclusion of Evidence*

In his sixth issue, Rodney argues the trial court erred by "excluding critical evidence." He does not identify the evidence in question, cite to any portion of the record showing he presented evidence and the trial court refused to admit it, or explain how he was harmed by the purported exclusion of evidence. TEX. R. APP. P. 38.1(i); TEX. R. EVID. 103(a); TEX. R. APP. P. 33.1(a), 44.1(a). We overrule this issue as inadequately briefed. *See Ruffin v. Sanchez*, No. 04-16-00759-CV, 2017 WL 4014651, at *1 (Tex. App.—San Antonio Sept. 13, 2017, no pet.) (mem. op.); *In re B.A.B.*, 124 S.W.3d at 420.

*Notice Issues*

Rodney argues he was not prepared to go to trial on October 3, 2019 because his attorney withdrew without giving him proper notice. He also appears to argue he did not receive timely notice of the trial setting. While Rodney argues on appeal that he "refused to participate" in the hearing, he does not provide record citations to support that assertion. TEX. R. APP. P. 38.1(i). Moreover, the record before us does not show that he raised these complaints below. TEX. R. APP. P. 33.1(a); *Aduli v. Aduli*, 368 S.W.3d 805, 817–18 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (complaint regarding attorney's withdrawal waived where appellant did not request time to seek new counsel); *Hadeler v. Hadeler*, No. 04-06-00459-CV, 2007 WL 1825855, at *1 (Tex. App.—San Antonio June 27, 2007, no pet.) (mem. op.) (complaint regarding notice of trial waived where appellant did not request continuance or object to untimely notice below). To the contrary, the final decree of divorce states that Rodney announced ready for trial on October 3, 2019. We conclude these issues are not preserved for our review. TEX. R. APP. P. 33.1(a); *Aduli*, 368 S.W.3d at 818; *Hadeler*, 2007 WL 1825855, at *1.

*Default Judgment*

Finally, Rodney challenges the default judgment against Doris and Alvin. An appellant "may not complain of errors that do not injuriously affect [him] or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *In re Guardianship of V.A.*, 390 S.W.3d 414, 418 (Tex. App.—San Antonio 2012, pet. denied). Rodney does not present any argument or authority to support a conclusion that the default judgment injuriously affected him, and we see nothing in the judgment that can be construed as injuriously affecting him. Accordingly, he lacks standing to challenge the default judgment. *See In re Guardianship of V.A.*, 390 S.W.3d at 418.

## CONCLUSION

Having overruled each of Rodney's issues, we affirm the trial court's judgment.

Beth Watkins, Justice